THE STATE ex rel. CHICAGO & ALTON RAILROAD COMPANY v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

In Banc, December 30, 1921.

1. **CONFLICT IN OPINIONS: Certiorari to Court of Appeals: No Prior Ruling by Supreme Court.** On *certiorari* to a Court of Appeals based on conflict with prior decisions, the Supreme Court will not determine whether the conclusions reached by the Court of Appeals were correct or erroneous, but is only concerned with the question whether a conflict exists between its previous decisions and the decision rendered by the Court of Appeals.

2. ———: ———: ———: **Anticipating Injury: Hand Car.** In no case has the Supreme Court held that the falling of a section hand from the rear end of a crowded hand car, while working the handle bar up and down with three other men in order to

State ex rel. C. & A. Railroad Co. v. Allen.

propel the car, was such an unusual or improbable event, or beyond such reasonable anticipation, as to negative the claim of negligence if the railroad company failed to anticipate the fall; and where two hand cars, running thirty feet apart and at the rate of six to ten miles an hour, and a section man, standing on the rear end of the front car and engaged with three others in pumping the handle bar, slipped and fell from the car to the middle of the track and was run over by the second car, a holding by the Court of Appeals that "the foreman of the second car could reasonably have anticipated that some of the men on the front car might accidentally fall from the front car" and that "the event was not so unusual or improbable that there was no reasonable ground for the railroad company to have anticipated the happening thereof" was not in conflict with any previous decision of the Supreme Court, for there has been no prior decision bearing upon a similar state of facts; and whether the Court of Appeals, in so holding, erred in its application of the rules of law to said facts, is beyond the province of the Supreme Court to determine upon *certiorari*.

3. ———: ———: **Conflict With Prior Decisions of Another Court of Appeals.** Upon *certiorari* to a Court of Appeals, based on a conflict of decisions, the Supreme Court is not concerned with any conflict of the opinion of the Court of Appeals with a prior decision of another Court of Appeals.

4. ———: ———: **Instruction: Limiting Issue to Specific Negligence Alleged and Proved.** The instructions should confine the jury (a) to the specific acts of negligence charged and (b) to the facts proven and (c) give them to understand what constitutes negligence in the particular case; and where the petition charged (1) that the hand car was not sufficient and reasonably safe for four men to ride on the rear thereof, (2) that the plaintiff was negligently crowded off the car and (3) that the defendant negligently ran a second hand car too close to the one from which plaintiff fell, and the court, by separate instructions, specifically withdrew from the jury the first and second charges, because there was no evidence to sustain them, and gave another which permitted a recovery on the third charge if the jury found the facts therein specifically detailed, the Court of Appeals did not contravene any previous decision of the Supreme Court in holding that a still further instruction which told the jury that "if you find that plaintiff's injuries were caused by the negligence of one or more of the other employees of defendant," etc., did not fail to confine the issue to the alleged act of negligence left in the case after the other two charges had been withdrawn from the jury, and did not permit the jury to return a verdict for plaintiff upon any charge of negligence not alleged or proven, but limited the issue to "the negligence" remaining in the case.

State ex rel. C. & A. Railroad Co. v. Allen.

*Certiorari.*

Writ quashed.

*Vivian S. Smith, Charles C. Madison* and *Charles M. Miller* for relator.

(1) The Court of Appeals, in holding that the case was one for a jury, as to whether or not the hand cars were being negligently operated by the section men too close together, in reasonable anticipation that a section man in the ordinary and usual experience might suddenly slip and fall from the front car, contravened the general principle of law announced by this court in American Brewing Assn. v. Talbot, 141 Mo. 674, 683; Fuchs v. St. Louis, 167 Mo. 620, 650; Sullivan v. Railroad, 133 Mo. 1; Williams v. Railroad, 119 Mo. 316; Chandler v. Gas Co., 174 Mo. 321, 328; Nichols v. Railroad, 225 S. W. 679; Reeves v. Railroad, 251 Mo. 169, 176; State ex rel. Lusk v. Ellison, 196 S. W. 1088; Zasemowich v. Mfg. Co., 213 S. W. 799. (2) The Court of Appeals, in holding that paintiff's instructions 1 and 2 were not reversible error, and that the case was properly submitted to a jury, contravened the general principle of law declared by this court in Abbott v. Railroad, 83 Mo. 271, 278; Yarnall v. Railroad, 75 Mo. 575, 583; Hinzeman v. Railroad, 182 Mo. 611, 624; Magrane v. Railroad, 183 Mo. 119, 132; Chitty v. Railroad, 148 Mo. 64, 75; State ex rel. v. Ellison 270 Mo. 645, 654; Roscoe v. Railroad, 202 Mo. 576, 588; Delo v. Mining Co., 160 Mo. App. 38, 45; State ex rel. v. Ellison, 270 Mo. 645, 653; State ex rel. v. Ellison, 199 S. W. 985.

*Hostetter & Haley* for respondents.

(1) There is no conflict between the opinion of the Court of Appeals and the cases cited by relator's counsel on the question as to whether the trailing hand cars were negligently operated too close to the one on which

Wagner was riding when he fell off onto the track and was run over. The cases cited by relator's counsel as being conflicted with by the Court of Appeals' opinion merely announce the general doctrine (which is in nowise controverted by the opinion complained of,) that negligence cannot be ascribed to anyone for failing to anticipate or provide against the happening of an unusual or improbable event, or one which could not have been reasonably anticipated under the circumstances. The Court of Appeals, in its opinion, expressly recognizes this general doctrine, and cites two of the opinions on which counsel for relator based their claim of a conflict, to-wit: American Brewing Assn. v. Talbot, 141 Mo. 647, and Fuchs v. City of St. Louis, 167 Mo. 620. In no case cited by relator, has this court ever held that the fact of a man falling from a crowded hand car where he was wedged in with three co-laborers and all working the rear handle bar, was such an improbable or unusual event or not within such reasonable anticipation, as it would not be negligence to fail to anticipate the happening of such an event. The Court of Appeals, in its opinion, says that from the evidence and facts, as stated by it, that the event was not so unusual or so improbable as to come within the rule announced by the cases cited by relator's counsel. State ex rel. Peters v. Reynolds, 214 S. W. 122; State ex rel. Basket & Box Co. v. Reynolds, 224 S. W. 403. (2) The jury was confined to the remaining negligent act left in the case, and the Court of Appeals did not contravene the principle of certain decisions of this court when it held that the instruction complained of, while erroneous in that respect, was not injurious to the defendant, and did not constitute reversible error. Riley v. Independence, 258 Mo. 671.

ELDER, J.—*Certiorari* to quash a judgment of the St. Louis Court of Appeals.

In an action for personal injuries brought by Ben C. Wagner, plaintiff, against the Chicago & Alton Railroad

Company, defendant, the Circuit Court for Pike County rendered judgment for plaintiff, pursuant to a verdict of a jury, in the sum of $4,000. Defendant appealed to the St. Louis Court of Appeals, which court affirmed the judgment (232 S. W. 771). Defendant, as relator herein, brings *certiorari* against respondents, Judges of the St. Louis Court of Appeals, to quash the judgment of that court.

The evidentiary facts in the case, as stated in the opinion of the Court of Appeals, are as follows:

"On June 27, 1917, and for about three months prior thereto, plaintiff was employed by defendant as a section hand at Louisiana, Missouri. On the day in question plaintiff and seven other men, including a foreman, were returning to Louisiana on a hand car from a point about two miles west therefrom, where they had been at work repairing the track. The car in question was of the ordinary type, about six feet long and four feet wide, being slightly narrower than the space between the rails, and was propelled by handle bars worked by men, one on the front end, and the other at the rear. At the time of the accident there were four other separate crews of men working on the track further west from the point where plaintiff had been working, and the five gangs of men were at the same time returning to Louisiana, their common destination, on separate hand cars.

"The crew of which plaintiff was a part, was riding on the front hand car. The second car was running about twenty-five or thirty feet behind the first, and a third car was about the same distance behind the second car. While plaintiff's car was traveling, according to the evidence, from six to ten miles an hour and running smoothly, plaintiff, who was on the rear end of the hand car, being one of four men who were pumping the levers or handle bars up and down in order to propel the car, through some means slipped and fell from the car into the middle of the track. The plaintiff testified: 'Well, by some means my right foot slipped some way and my left hand being sweaty, I had my left hand on

the lever, and my foot slipped over, being crowded, over-balanced me and I fell off.' As a result, the second and third hand cars, which were immediately following, ran over plaintiff while he was lying in the track. For the injuries thus received plaintiff brings this action, setting up several acts of negligence on the part of the defendant, all of which were instructed out of the case for lack of evidence, save the allegation to the effect that the hand cars were negligently operated too close together, which was alleged to have been the cause of plaintiff's injuries.''

I.   Relator, for its first assignment of error, claims that the Court of Appeals, ''in holding that the case was one for a jury, as to whether or not the hand cars **No Prior** were being negligently operated by the section **Decision.** men too close together, in reasonable anticipation that a section man in the ordinary and usual experience might suddenly slip and fall from the front car, contravened the general principle of law announced by this court in the following cases:   American Brewing Assn. v. Talbot, 141 Mo. 674, 683; Fuchs v. St. Louis, 167 Mo. 620, 650-652; Sullivan v. Railway Co., 133 Mo. 1; Williams v. Railway Co., 119 [Mo. 316; Chandler v. Gas Co., 174 Mo. 321, 328; Nichols v. Railroad Co., 225 S. W. 679-681; Reeves v. Railroad Co., 251 Mo. 169, 176; State ex rel. Lusk v. Ellison, 196 S. W. 1088; Zasemowich v. Manufacturing Co., 213 S. W. 799.''

That portion of the opinion of the Court of Appeals which is pertinent to this contention is as follows:

''As the record now stands before us the sole right of plaintiff to recover is based on the theory that the men on the hand car following the one on which plaintiff was riding were in duty bound to so operate their car, either by keeping it under control, or running it at such distance behind the car in front, that in the event some one fell off of the front car they would be able to stop before running over him.   Plaintiff asserts the crew on the second hand car could reasonably anticipate

the danger of some one falling off the first car, and that it was negligence for them to run the car so close to the one in front as to be unable to stop in the event of the happening of that contingency.

"Defendant contends that it was not negligence to operate the second hand car at the rate of six to ten miles an hour so close to the front car that in the event one of the men fell off of the front car on to the track the second car could not be stopped in time to prevent running over such man, and that the defendant could not be expected to reasonably anticipate the happening of such an occurrence, and therefore its demurrer to the evidence should have been sustained.

"We cannot take defendant's view of this matter. It seems to us that the foreman or others in charge of the second hand car could reasonably have anticipated that some one might accidentally fall from the front car, in view of its crowded condition, there being four men standing side to side in a space of about four feet and working the lever up and down, and there being no guard or rail around the car to prevent one from falling therefrom, and in view of the further fact, as shown by many reported cases, that men before have often fallen from hand cars. There was no necessity for these cars being run so close together, and we do not think that the event was so unusual or improbable that there was no reasonable ground for the defendant to have anticipated the happening thereof. In this case one of the witnesses who had had experience testified that one would be liable at any time to slip and lose his balance.

"Those in charge of the second hand car, which was running at the rate of six or eight miles an hour about thirty feet behind the car on which plaintiff was riding and for whose acts the defendant was responsible, had reasonable grounds to anticipate that some one might fall from the front hand car, or that the front hand car might suddenly stop for various reasons, and it was therefore negligence to have run the second hand car so close to the front car that the same could not be

stopped in time to prevent a collision or other accident. The evidence tended to prove that the second hand car was operated by the defendant in a negligent manner, in that considering the rate of speed at which it was traveling it was run too close to the front hand car, thereby causing injuries to the plaintiff when he accidentally fell therefrom. [American Brewing Assn. v. Talbot, 141 Mo. 674, l. c. 684, 42 S. W. 679; Fuchs v. City of St. Louis, 167 Mo. 620, 67 S. W. 610.]

"In the case of Houston E. & W. T. Ry. Co. v. Samford (Court of Civil Appeal of Tex.), 181 S. W. 857, a hand car in charge of a section foreman on which plaintiff, a section hand, was riding, followed a passenger train as it pulled out of a station. The hand car was about 30 feet behind the train, and the train suddenly stopped to avoid a collision at a street crossing with a pedestrian. The hand car collided with the rear end of the train and the plaintiff was injured. It was there held that the proximate cause of the injury was the negilgent manner of operating the hand car, and that the foreman should have anticipated the probable stopping of the passenger train under the circumstances, and that he could have avoided the collision by not running so close to the rear of the passenger train. . . .

"A simple rule requiring that the hand cars be run a certain distance apart, say the distance between telegraph poles, would have prevented the second car running over plaintiff when he fell on the track. Such a rule was in force by defendant in the case of Cardwell v. Norfolk & Western R. R. Co., 114 Va. 500. The manifest purpose of such a regulation would be to prevent collisions between the hand cars when the front car would jump the track or be required to suddenly stop or check its speed, which might become necessary for many reasons, and also to prevent the rear cars from running over employees who may happen to fall from the preceding cars. Defendant's demurrer to the evidence was properly refused."

An examination of the several cases cited by relator as being contravened by the opinion of the Court of Appeals shows that the general principle therein enunciated, which is apposite to the question before us, is that it is not negligence to fail to take precautionary measures to prevent an injury, although, if taken, the same would not have resulted, when the injury could not reasonably have been anticipated, and would not, unless under exceptional circumstances, have happened. Differently stated, those cases hold that a failure to anticipate the occurrence of an unusual or an improbable injury, or one which, under the circumstances, could not have been reasonably foreseen, does not constitute negligence. This doctrine is not contradicted by the Court of Appeals. On the contrary, that the court was fully cognizant of the rule is evidenced by the fact that in support of its opinion it cites the cases of American Brewing Assn. v. Talbot, and Fuchs v. St. Louis, supra, claimed by relator to have been transgressed. The holding of the Court of Appeals being the converse of the principle announced in those cases, their applicability, without explanation, is somewhat strained. But, be that as it may, the ruling of the Court of Appeals was that the falling of plaintiff Wagner from the first hand car was an accident which could have been reasonably anticipated by those in charge of the second car, and was not an unusual or improbable event. This is manifest from the language of the opinion, wherein the court says:

"It seems to us that the foreman or others in charge of the second hand car could reasonably have anticipated that some one might accidently fall from the front car, . . . and we do not think that the event was so unusual or improbable that there was no reasonable ground for the defendant to have anticipated the happening thereof."

Such was the finding of the Court of Appeals from the record before it. And it is not for this court to determine whether its view was correct or incorrect.

[State ex rel. American Packing Co. v. Reynolds, 230 S. W. 642; State ex rel. Wahl v. Reynolds, 272 Mo. 588.] On *certiorari* we are concerned only with the question of a conflict between previous opinions rendered by this court and that presented for review. In no case cited by relator, and in none which has come to our attention, has this court held that the falling of a man from the rear of a crowded hand car, while working the hind handle bars up and down with three other men in order to propel the car, was such an unusual or improbable event, or beyond such reasonable anticipation, as to negative the claim of negligence if the railroad company failed to anticipate the fall. Nor do any of the cases cited bear upon a state of facts similar to those here present.

Moreover, when the Court of Appeals, upon the evidence and facts as stated by it, decided that the accidental fall of plaintiff Wagner was not an unusual or improbable occurrence, but one which could have been reasonably anticipated, it removed the case from the applicability of the doctrine laid down in the cases cited by relator and they ceased to be controlling. Consequently no conflict was engendered. Whether or not the court erred in its application of rules of law to the facts stated in its opinion, is beyond our province to determine. Unless, upon the facts as stated, it announced some conclusion of law contrary to the last previous ruling of this court upon the same or a similar state of facts, we will not interfere with the judgment rendered. [State ex rel. Continental Insurance Co. v. Reynolds, 290 Mo. 362; State ex rel. Calhoun v. Reynolds, 289 Mo. 506, 233 S. W. 483; State ex rel. American Packing Co. v. Reynolds, 287 Mo. 697, 230 S. W. l. c. 645.] This the Court of Appeals has not done. Relator's contention must therefore be ruled against it.

II. Relator secondly assigns as error the holding of the Court of Appeals that plaintiff's instructions numbered 1 and 2 were not reversible error, and that the case was properly submitted to the jury, which hold-

ing relator claims contravened the general principle of law declared by this court in the following cases: Abbott v. Railroad, 83 Mo. 271, 278; Yarnall v. Railway, 75 Mo. 575, 583; Hinzeman v. Railway, 182 Mo. 611, 624; Magrane v. Railway, 183 Mo. 119, 132; Chitty v. Railway, 148 Mo. 64, 75; State ex rel. Central Coal & Coke Co. v. Ellison, 270 Mo. 645, 653-655; Roscoe v. Railway, 202 Mo. 576, 588; State ex rel. Long v. Ellison, 199 S. W. 985, 988, and Delo v. Mining Co., 160 Mo. App. 38.

The case of Delo v. Mining Co., supra, being an opinion rendered by the Springfield Court of Appeals, we shall not dwell thereon as, on *certiorari* we are not concerned with any conflict which may exist between opinions of any of the Courts of Appeal. [State ex rel. American Packing Co. v. Reynolds, 287 Mo. 697, 230 S. W. 642, l. c. 645.]

Instructions 1 and 2 given for plaintiff are as follows:

"1. The court instructs the jury that under the evidence in this cause the plaintiff was engaged in interstate commerce at the time he claimed he was injured on June 27, 1917; and is entitled to the protection afforded by the Federal Employers' Laibility Act.

"And you are further instructed that if you find that plaintiff's injuries, if in fact he sustained injuries, were caused by the negligence of one or more of the other employees of defendant, then your verdict must be for the plaintiff; and this is true even though you may further find and believe that plaintiff himself was negligent and that his negligence contributed to his injuries.

"2. The court instructs the jury that even though you may find and believe from the evidence in the cause that plaintiff was in point of fact negligent and fell off the car on which he was riding on account of his said negligence, still you are not authorized to find against him on that account, provided, you believe that the defendant's other employees on the second and third cars were negligently running their respective cars too close together, and too close to the front car on which plaintiff

was riding so that they were unable to stop said second and third cars before running into and over plaintiff, if so the jury find; and you are further instructed, that if you find for the plaintiff under the facts as stated hereinbefore, you can only consider plaintiff's negligence in diminution of his damages which you may award him by your verdict."

With reference to these instructions, the Court of Appeals, in its opinion, has the following to say, beginning with a consideration of instruction numbered 1:

"Defendant's objections are two fold. First, that it was misleading to the jury to tell them that the plaintiff was entitled to the protection of the Federal Employers' Liability Act, as such would lead them to believe this law made defendant liable without regard to negligence; and, second, that the instruction is erroneous because it did not limit the issue to the alleged act of negligence left in the case after the other charges of negligence had been withdrawn from the jury by special instructions of the court, and permitted the jurors to return a verdict on any theory of negligence not alleged or proven or which they might evolve out of their own minds.

"We think the first objection not serious. The jury did not know what protection the Federal Employers' Liability Act afforded the plaintiff except what was stated in the instruction of the court. It is not reasonable to suppose that by reason of such instruction they could have concluded that the defendant would be liable to the plaintiff without regard to negligence.

"The second objection to the instruction is more serious. The petition contained three separate charges of negligence. Two of these charges were specifically withdrawn from the jury's consideration by special instructions offered by defendant, for the reason there was no evidence offered by plaintiff in support of such charges. The only act of negligence remaining was the one to the effect that the employees of the defendant negligently ran the hand cars too close together. By defendant's second instruction this particular act of neg-

ligence, if found to exist by the jury, permitted a recovery for the plaintiff.

"It is urged by the defendant that this instruction numbered 1 was too general in character, and permitted the jury to find for defendant on any act of negligence not pleaded or proven. It may be noted that the language of the instruction uses the words 'the negligence,' and does not use the words 'any negligence.' The only alleged act of negligence left in the case was covered by instruction numbered 2.

"We have examined the record carefully, and the proof submitted in the case covers only the specific act of negligence complained of in the petition, namely, that the hand cars were negligently run too close together. In using the words 'the negligence,' the only negligence that could be referred to was the specific act of negligence pleaded and proven.

"In the case of Riley v. City of Independence, 258 Mo. 671, l. c. 684, the Supreme Court in considering the effect of an instruction broader than the petition, says:

" 'The rule is that the instructions must be within both the proof and the pleadings. But does it follow from all this that his case should be reversed for this defect in the instruction? We think not. The jury could not have been misled by the general terms of the instruction, because the proof in the case covered only the specific matters complained of in the petition. Had the proof gone beyond the specific matters mentioned in the petition we would have had a different proposition entirely. But here the proof was confined strictly to the negligent acts charged in the petition, and the jury therefore had before it no other negligent act to consider. Under these circumstances we do not think that the instruction was misleading or in anywise injurious to the defendant. Error without injury is not reversible error. This contention we rule against defendant.'

"Under the facts established in the present case, the words 'the negligence' used in the instruction meant the one act of negligence in the case, and the only one

which the evidence tended to support, and the jury being at least reasonably intelligent men must have understood the use of such word to mean only the negligence that was an issue in the case and which was covered by the succeeding instruction numbered 2.

"The case is distinguishable from Stumpf v. United Railways Company, recently decided by this court, but not yet officially reported, in that the instruction in that case authorized a verdict for plaintiff if the jury believed that the plaintiff's injuries were caused 'wholly because of negligence on the part of the employees of the defendant in charge of the car, as such negligence is defined in the other instructions of the court.' In that case in another instruction the court defined negligence as the omission of ordinary care, and by such instruction authorized a recovery if the jury believed that the defendant in any respect failed to exercise ordinary care. In the Stumpf Case it is pointed out by Judge ALLEN in his opinion that the jury under the record there may have concluded that defendant's motorman was negligent in starting the car before he fully closed the door, thus making it possible for one to leave the car after it had started forward, and that therefore the jury may have concluded this to be negligence when that act was not pleaded or relied upon by the plaintiff.

"By specific instructions the court in this case told the jury that there was no evidence that the hand car was not sufficient and reasonably safe for four men to ride on the rear thereof or that plaintiff was negligently and carelessly crowded off the hand car, these being alleged acts of negligence unsupported by the evidence. In view of these instructions eliminating these issues, we do not think under the evidence the jury could have reasonably concluded that any other act of negligence than the one alleged was the cause of plaintiff's injuries.

"As the proof did not go beyond the specific act charged in the petition, and as the jury did not have before it any other than the one specific charge of negligence, we rule that the instruction while erroneous was

not injurious to the defendant and did not constitute reversible error.''

Examining the several cases cited by relator we find, with the exception of State ex rel. Long v. Ellison, supra, that they can be divided into three general groups, holding in substance, as relevant to the claim of error under consideration, that instructions should (a) confine the jury to the specific facts of negligence charged, (b) confine the jury to the facts proven, as well as to the pleadings, and (c) give the jury to understand what constitutes negligence in the particular case. In our judgment nothing contained in the opinion of the Court of Appeals runs counter to these principles. The court specifically finds that two of the three charges of negligence contained in the petition were withdrawn from the consideration of the jury by special instructions given for defendant; that the only charge of negligence which remained, and which the proof covered, was that the hand cars were negligently run too close together; that the negligence referred to in instruction numbered 1 was the specific act of negligence proven; and that that act of negligence was covered by instruction numbered 2. This finding was in conformity with, and not in conflict with, the principles announced by this court in the cases cited by relator.

The rule announced in State ex rel. Long v. Ellison, supra, the remaining case cited by relator, was that:

''Where an instruction for the plaintiff undertakes to cover the whole case and where such instruction contains a direction to find for the plaintiff, provided the jury find the hypothetical facts mentioned in the instruction in plaintiff's favor, and where such instruction omits a hypothetical fact which must be found in favor of plaintiff before there can be a recovery, then the omission of the last-named hypothetical fact cannot be cured by any instruction given for the defendant. In such case, instead of the defendant's instructions curing the omission, it produces a conflict in the instructions; this because the plaintiff's instruction authorizes

a verdict for plaintiff without any finding for plaintiff upon a vital question, and if the defendant's instruction requires a finding for plaintiff upon this vital question, before plaintiff is permitted to recover, then there is a conflict, which is both pointed and dangerous.''

Plainly this ruling is not relevant to the instant case.

The contention of relator cannot be sustained.

Having concluded the questions raised by relator, ably briefed by counsel, and entertaining the views herein indicated, it follows that our writ was improvidently granted and should be quashed.

It is so ordered.  All concur.