THE STATE ex rel. RALEIGH INVESTMENT COMPANY v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

Division Two, June 8, 1922.

1. **APPELLATE PRACTICE: Equity Suit: Review of Referee's Findings.** In a suit in equity, in which a referee has been appointed to try all issues and whose report has been confirmed by the court, the appellate court on appeal will review the case as if triable *de novo* and make its own findings and reach its own conclusions.

State ex rel. Raleigh Inv. Co. v. Allen.

2. **CERTIORARI: Review of Opinion of Court of Appeals.** Where a court of appeals has jurisdiction of the appeal in a suit in equity it can make such findings of fact as it may deem correct, without interference or supervision, and upon *certiorari* the Supreme Court is only concerned to ascertain if its conclusions of law are in harmony with its own latest pronouncements upon the same or a similar state of facts; and in its review the Supreme Court does not extend its inquiry beyond the opinion and any pleading, instruction or written instrument referred to therein.

3. ————: ————: **Purchase of Unpaid Corporate Stock: Notice.** A finding by the Court of Appeals in the equity suit that, under the evidence, the defendant, who bought stock from the president of a corporation, which recited it was fully paid and non-assessable, for one-tenth of its par value, did not have either actual or constructive notice that it was not fully paid, and that such notice did not arise from the mere fact that he bought it at one-tenth of its par value or from a mere statement from the seller that he had received the stock in payment for services rendered and that such facts were not alone sufficient to put him on inquiry where he was told by the seller that the stock was full-paid, does not conflict with any previous ruling of the Supreme Court.

4. ————: ————: ————: **The Bunker Case.** In the case of Raleigh Investment Company v. Bunker, 285 Mo. 440, which was a companion case brought under the same statute against another stockholder of the same company and in which the Supreme Court ruled that said stockholder had both actual and constructive notice that the stock bought by him had not been fully paid, the facts were not the same as those stated in the opinion rendered by the Court of Appeals in this case; but in that case the finding that Bunker did have notice was warranted by the facts in evidence, and the findings made by the Court of Appeals in this companion case that Cureton, who purchased stock of the same corporation, did not have either actual or constructive notice that it was not fully paid, were warranted by the facts before the court; and in consequence the ruling of the Court of Appeals in this case does not conflict with the decision in the Bunker Case.

5. ————: ————: **Findings of Fact.** It is not the province of the Supreme Court to supervise a finding of facts in an equity case made by a court of appeals, but its supervisory power is limited to declarations and conclusions of law; and although the Court of Appeals may have made a wrong finding of facts, the Supreme Court will not interfere by *certiorari* if it properly applied the law to such finding.

6. ———: ———: **Reference: Equity Suit: Unconstitutional Statute.** The fact that the statute (Sec. 1444, R. S. 1919) making it the duty of appellate court in reference cases to "review the evidence and the findings of fact and the conclusions of law of the referee" is unconstitutional, does not affect the right of appellate courts to make such review in equity suits, since it has always been their province to review the findings of referees and trial courts in equity suits.

## Certiorari.

TEMPORARY WRIT QUASHED.

*John A. Gilliam* for relator.

(1)   The pleading of defendant Cureton was that he was an innocent purchaser in the open market, which he absolutely failed to sustain, wherefore the judgment in his favor should be quashed.   Farrington v. South Boston Railroad, 150 Mass. 410;   St. Louis Ins. Co. v. Goodfellow, 9 Mo. 153;   Erskine v. Lowenstein, 82 Mo. 306;   Keystone Bridge Co. v. McCluney, 8 Mo. App. 501;   Gillett v. Chicago Trust Co., 230 Ill. 412;   Trust Co. v. McMillan, 188 Mo. 568;   Merc. Mut. Ins. Co. v. Hope Inv. Co., 8 Mo. App. 408;   Lee v. Smith, 84 Mo. 304;   DeWitt v. Perkins, 22 Wis. 473;   Hoppin v. Doty, 25 Wis. 573;   Rogers v. Mining Co., 185 Mo. App. 675;   Halsa v. Halsa, 8 Mo. 308-309;   Stephenson v. Kilpatrick, 166 Mo. 268.   (2)   "The plea of innocent purchaser is an affirmative defense and must be affirmatively pleaded and proven.   The *onus* lies on the pleader."   Holdsworth v. Shannon, 113 Mo. 525;   Stephenson v. Kilpatrick, 166 Mo. 268.   Cureton absolutely fails to prove want of notice.   Conn. Mut. Life Ins. Co. v. Smith, 117 Mo. 292;   Stuart v. Ramsey, 196 Mo. 415.   (3)   The referee and the circuit court were right in holding that Cureton had actual and constructive notice of the infirmity of Evans's rights and the extent of his frauds, and that at least eighty per cent of the stock was unpaid for.   Ford v. Ellison, 230 S. W. 641;   Conn. Mut. Life Ins. Co. v. Smith, 117 Mo. 293.   "The charter of a company formed

under the general law consists not only of its articles of association, but also of the general statutes of the State under which the organization takes place." Cook on Corp. (5 Ed.) sec. 2; People v. Chicago Gas T. Co., 130 Ill. 268; Bixier v. Summerfield, 195 Ill. 147; Bent v. Underdown, 156 Ind. 516. He was presumed to know the provisions of its charter and by-laws, and the requirements and prohibitions of the statute under which it was organized. 14 C. J. p. 845, sec. 1285. (4) The decision of the Court of Appeals is in conflict with the case of Raleigh Investment Co. v. Bunker, reported in 227 S. W. 121. (5) Numerous authorities hold that the fact that stock certificates recite that the stock is "fully paid and non-assessable," furnishes no protection to assignees as against corporate creditors. Sprague v. National Bank, 172 Ill. 149; Coleman v. Howe, 154 Ill. 458; Alling v. Wenzel, 133 Ill. 264; 14 C. J. sec. 1596, note 99; Hess W. & V. Co. v. Burlington Grain Co., 217 S. W. 493.

*Jesse McDonald* and *Arnold Just* for respondents.

(1) This being a proceeding in equity, it was the duty of the Court of Appeals to review the evidence *de novo* and to direct the entry of a judgment conforming thereto. State ex rel. v. Wilson, 232 S. W. 140; St. Louis v. Parker-Washington Co., 271 Mo. 229; Raleigh Inv. Co. v. Bunker, 227 S. W. 121; Erskine v. Lowenstein, 82 Mo. 305. (2) There is no conflict between the decision of the Court of Appeals and those of the Supreme Court, because: (a) Cureton was a bona-fide purchaser of the stock without knowledge that it was partly unpaid and, therefore, is not liable. Raleigh Inv. Co. v. Bunker, 227 S. W. 121; Keystone Bridge Co. v. McCluney, 8 Mo. App. 496; Berry v. Rood, 168 Mo. 316; Cook on Corporations, sec. 257; Skrainka v. Allen, 76 Mo. 384; Erskine v. Lowenstein, 82 Mo. 301; Meyer v. Ruby Co., 192 Mo. 162; Bonet Const. Co. v. Central Am. Co., 153 Mo. App. 185. (b) The Supreme Court will

refer only to the opinion of the Court of Appeals for the facts in the case. State ex rel. Commonwealth Tr. Co. v. Reynolds, 278 Mo. 695; State ex rel. U. Rys. Co. v. Reynolds, 257 Mo. 19; State ex rel. Bush v. Sturgis, 281 Mo. 598; State ex rel. Dunham v. Ellison, 278 Mo. 649. (c) Even if the Court of Appeals were mistaken in holding Cureton to be a bona-fide purchaser, the mistake would not be one that the Supreme Court would correct on *certiorari*. State ex rel. Calhoun v. Reynolds, 233 S. W. 483.

REEVES, C.—*Certiorari* to review the opinion and quash the judgment of the St. Louis Court of Appeals in the case of Raleigh Investment Company, a corporation, respondent, v. P. H. Cureton, appellant; unofficially reported in 232 S. W. 766. That opinion was filed on June 7, 1921, and reversed the judgment of the Circuit Court of the City of St. Louis. The proceeding there was under Section 9764, Revised Statutes 1919.

Relator, as a creditor, had brought its action against the Bismarck-Bellevue Valley & Western Railway Company, a Missouri corporation; had recovered judgment; and upon a *nulla bona* return, upon execution, filed its motion and served its notice upon the said appellant Cureton for execution against him for the unpaid balance on stock owned by him.

It was charged in said motion that the said Cureton was the owner of forty-six shares of the stock of the said railroad company of the par value of one hundred dollars, and that ninety per cent thereof remained unpaid.

Defendant Cureton admitted he was a stockholder of said company, but said that he acquired fifteen shares of said stock from one E. E. Evans on the 5th of April, 1912; that he purchased the same under the belief that such shares were fully paid up, and that he had no knowledge or notice of anything to the contrary, and believed and continued to believe that such shares were fully paid and non-assessable, as recited on the face of

the certificates. On this return an issue was made up by the reply of relator.

The circuit court ordered a reference and appointed Frank A. Thompson referee, with power to try all of the issues and report all findings and proceedings to the court. Upon a hearing the referee recommended that plaintiff's (relator's) motion be sustained, and that execution be issued against the defendant' (appellant) to' collect the sum of thirty-six hundred and eighty dollars, being the amount remaining unpaid on forty-six shares owned by defendant.

Defendant Cureton filed his exceptions to the report, and upon a confirmation thereof duly prosecuted his appeal to the St. Louis Court of Appeals. That court, in the opinion filed by Commissioner Bruere, now under review, reversed the judgment against appellant Cureton, and remanded the cause with directions to enter up judgment for him.

Relator now seeks a review of that opinion upon the ground that it is in conflict with certain previous pronouncements of this court, and particularly in conflict with the opinion in Division Two of this court in the case of Raleigh Investment Co. v. Bunker, 285 Mo. 440, 227 S. W. 121. The latter case was a companion case of the one under consideration, being a proceeding under the same statute against another stockholder of the same corporation, but involving a sum within our jurisdiction. This court affirmed a judgment against the stockholder in the Bunker Case, upon the ground that such stockholder had notice that the stock purchased and owned by him from the organizer of the corporation had not been fully paid.

Other pertinent facts as we gather them from the opinion under review will be stated hereafter. The Court of Appeals reviewed the case as if triable *de novo* in that court and made its own findings and reached its own conclusions, and being an equitable action that was proper. [Ford v. Laughlin, 226 S. W. (Mo.) 911; Claybrook v. Saulsberry, 204 S. W. (Mo) 60.]

I. Relator ascribes error to the Court of Appeals "in not finding both actual and constructive notice against defendant Cureton."

For the purposes of this case we may concede that the Court of Appeals erred in its findings of fact, and yet that does not warrant a review by this court. The Court of Appeals alone had jurisdiction of the appeal, and sitting as a court of conscience upon the facts before it, it could make such findings of fact as may have seemed correct without interference or supervision. It is a court of last resort and we are only concerned that its conclusions of law do not conflict with the latest pronouncement of this court upon the same or a similar state of facts. [State ex rel. Chicago & Alton R. R. Co. v. Allen, 236 S. W. 868; State ex rel. Continental Ins. Co. v. Reynolds, 235 S. W. 88; State ex rel. Calhoun v. Reynolds, 233 S. W. 483; State ex rel. American Packing Co. v. Reynolds, 230 S. W. 642.]

*Extent of Review.*

And in our review we do not extend our inquiry beyond the opinion and any pleading, instruction or written instrument referred to therein. [State ex rel. Continental Ins. Co. v. Reynolds, supra; State ex rel. Kansas City v. Ellison, 281 Mo. 667, 220 S. W. 498; State ex rel. Hayes v. Ellison, 191 S. W. 49.]

We must therefore take the facts as stated in the opinion under review and ascertain whether or not upon those facts the Court of Appeals announced some conclusion of law contrary to the last previous rule of this court upon the same or a similar state of facts. It is not our province to determine whether the Court of Appeals erred in its findings of fact, or even in its application of rules of law to the facts stated in the opinion, but only whether upon such facts it announced a conclusion of law in conflict with the latest pronouncement of this court. [State ex rel. Continental Ins. Co. v. Reynolds, 290 Mo. 362.]

Upon the assignment of error under discussion there is nothing for this court to review as the Court of Ap-

peals was justified in making the findings it did upon the facts stated in the opinion. We quote from the opinion:

"The evidence introduced on the issue under consideration is mainly found in the deposition of the appellant introduced in evidence by the plaintiff. The deposition was taken on the 16th day of August, 1916, and showed, in substance, that at that  time the appellant was engaged in the mercantile business, resided in Poplar Bluff, Missouri, and was forty-three years old. He became acquainted with E. E. Evans about four years prior to the date of the taking of his deposition. He purchased forty-four shares of stock in the Bismarck-Bellevue Valley & Western Railway Company from E. E. Evans and paid him ten dollars per share. About a month before he purchased the first stock Mr. Evans tried to sell him some stock. At that time it seems appellant lived at Bunker, Missouri, and attended a meeting at Bunker, called for the purpose of boosting the railroad. The date of the meeting appellant did not know, but remembered that more than one meeting was held there. When Mr. Evans first spoke to him about purchasing said stock he priced it to appellant at ten dollars per share. The stock was made out in appellant's name and delivered to him at the time he paid for the stock. Appellant did not know Mr. Evans was president of the company. The stock was purchased at different times. Appellant did not know anything about Mr. Evans's financial standing before he purchased the stock. He did not make any particular inquiry, but heard that he would overcheck, and that he gave a note and fell down on it. Mr. Evans did not indorse any certificate of stock over to appellant; all the certificates were made out in appellant's name. Mr. Evans told appellant, 'this is my stock fully paid.' He also told appellant that he got the stock from the company for services, but he did not say how much stock he received. Appellant knew of no property that Mr. Evans had at the time he negotiated for said stock. Appellant was not certain whether the conversation he heard about

*Finding of Facts.*

Mr. Evans overchecking and having an unpaid note outstanding was before or after he purchased the stock, but, according to his best knowledge, it was after the purchase of the stock.

"The deposition of Mr. Black was introduced in evidence by the plaintiff. Mr. Black testified that he lived in Redmondville, Missouri, and that a meeting was called in his neighborhood to boost the railroad. Mr. Evans and Mr. Cureton spoke at the meeting. When the meeting was held does not appear. What was said by Mr. Evans at the meeting is not disclosed in the deposition. Mr. Cureton said at that meeting that he thought the railroad was a good proposition. The stock certificates delivered to appellant recited that the shares were full-paid and non-assessable. This was all the evidence bearing on the question whether the appellant had knowledge that the stock was not fully paid.

"We do not think the evidence sufficient to justify the finding of the referee and the trial court that appellant had knowledge that the stock was unpaid at the time he purchased it. He did not acquire the stock as an original subscriber or taker. The fact that the stock was purchased from Mr. Evans at ten dollars a share was not such a circumstance as to have caused appellant to know that it had not been fully paid, or to charge him with inculpatory negligence in not knowing that it was unpaid for; the best stock fluctuates at times. Nor is the fact that Mr. Evans told appellant that he got the stock from the company for his services sufficient to have caused appellant to know that Mr. Evans did not pay for the stock, in the absence of evidence showing knowledge by appellant of the amount of stock issued for the services and the nature of the services rendered. The stock represented on its face that it was full-paid and non-assessable. Mr. Evans told him it was full-paid. There is no fact disclosed in the testimony sufficient to have put appellant on inquiry, or to have caused him to believe that the said recital, made on the face of the cer-

tificate, or the said statement made to him by Mr. Evans, was not true.

"As we view the evidence we are constrained to hold that the finding and judgment of the referee and lower court was not warranted under the evidence; the finding and judgment should have been for the appellant. The judgment of the lower court should be reversed, and the cause remanded, with directions to enter up judgment for the appellant."

II. Relator's second assignment is that the court "erred in disregarding the case of Raleigh Investment Company v. Bunker, reported in 285 Mo. 440, and finding in conflict therewith."

Bunker Case.

We have examined the Bunker Case and do not find the facts therein stated the same as those stated in the opinion under review. In the Bunker Case the court expressly found that the defendant (appellant) had both actual and constructive notice, and that eighty per cent of the par value of the stock acquired by him remained unpaid to the corporation. This finding was warranted by the facts before this court, and the findings made by the Court of Appeals were warranted upon the facts stated in its opinion. Moreover, it is not the province of this court to supervise the findings of fact made by the appellate courts, but its supervisory power is limited, as above stated, to conflicts in declarations and conclusions of law. The Court of Appeals might have made a wrong finding on the facts, and still be correct in its application of the law. In such event we would not interfere.

III. The Court of Appeals reviewed the case upon the theory that being a reference, it became its duty to "review the evidence and the findings of fact and the conclusions of law of the referee and the trial court, and give such judgment as shall be conformable to the law on the evidence" as provided by Section 1444, Revised Statutes 1919.

Unconstitutional Statute.

This section of our statute was declared unconstitutional in the case of State ex rel. Saline County v. Wilson, 288 Mo. 315. And, moreover, the appeal in the case under review was perfected before the enactment of said statute. [Christine v. Luyties, 217 S. W. 55; Universal Const. Co. v. City, 223 S. W. 931.]

The authority of the Court of Appeals to review the evidence and findings of fact and the conclusions of law of the referee and the trial court, and reach its independent conclusions was not therefore derived from the statute relied upon by it. Its power to review was incidental to its jurisdiction in equity, for in equity cases it is the duty of the appellate tribunal to review the entire evidence (Brightwell v. McAfee, 249 Mo. 562, l. c. 582, 155 S. W. 820; Jackson Exchange Bank v. Russell, 181 Mo. App. 698, 164 S. W. 694) and questions like this under review have long been treated in this State as falling on the equity side of the court and to be dealt with upon equitable principles. [Raleigh Inv. Co. v. Bunker, 285 Mo. 440.]

The premises considered, our writ was improvidently issued and should be quashed. It is so ordered. *White, C.*, concurs; *Railey, C.*, not sitting.

—PER CURIAM:—The foregoing opinion by Reeves, C., is adopted as the opinion of the court. All of the judges concur, except *Higbee, P. J.*, who dissents.