STATE OF MISSOURI at the relation of KROGER GROCERY & BAKING COMPANY, a Corporation, and TRAVELERS INSURANCE COMPANY, a Corporation, Relators, v. JEFFERSON D. HOSTETTER, WILLIAM DEE BECKER and EDWARD J. MCCULLEN, Judges of the St. Louis Court of Appeals.—98 S. W. (2d) 683.

Division One, November 12, 1936.

*Jones, Hocker, Gladney & Jones* and *Warren F. Drescher, Jr.,* for relators.

*Wayne Ely, Tom Ely, Jr.,* and *Ely & Derrick* for respondents.

632

HAYS, J.—Certiorari to the St. Louis Court of Appeals, directing it to send up for review the record in the case of Bicanic et al. v. Kroger Grocery and Baking Co. et al., reported in 83 S. W. (2d) at page 917.

That was a proceeding under the Workmen's Compensation Act. Final hearing was had before the full commission, which rendered its final award for the employer and insurer. Upon review of such award the Circuit Court of St. Louis rendered judgment reversing the same and remanding the cause for further hearing. Thereupon the employer and insurer, relators here, took the cause to the St. Louis Court of Appeals for review. The Court of Appeals, finding the award of the commission denying compensation was not based upon sufficient competent evidence, and that the employee's death was the result of an accident arising out of and in the scope of his employment, affirmed the judgment of the circuit court.

In their brief the relators state that the final opinion of the Court of Appeals correctly states the principle of law applicable to the case and also clearly sets forth the rule of law applicable to cases of this character.

Relators contend "that when the evidence is considered in a light most favorable to the award and all reasonable inferences of fact from the evidence are adduced in support of the award, then that it will be found in this cause that there was no showing that the death of the employee was compensable, and that the character of the employment was not shown to have been of a nature so as to have intensified the risk and to have subjected the employee to a greater hazard than that faced by other people in the same locality;" and they specify certain evidence "that the respondents should have considered in passing upon this case in order to determine whether or not there is sufficient competent evidence in the record to support the award." Are these contentions sufficient to authorize this court to review and quash the record of the Court of Appeals on certiorari under the power conferred by constitutional provision concerning conformity of decisions of the Courts of Appeals to the latest controlling decisions of this court? We think they are not.

. The opinion of the Court of Appeals discloses (83 S. W. (2d) l. c. 921-923, inc.) that the court made its finding of facts and expressed its conclusions of law thereon. That settles the matter. It is not the province of our court to examine into the details of the evidence anew and draw our own conclusions therefrom in order to determine whether the Court of Appeals has erred in its application of rules of law to the facts stated in its opinion. That court had jurisdiction and it was within its province to determine the facts. It was also within its province to apply the law to the facts as found by that court, and it did not go beyond its jurisdiction unless it stated a rule of law contrary to controlling decisions of this court; no contention is made that it did the latter. These propositions have been stated and reiterated again and again by this court.

In State ex rel. Koenen v. Daues et al. (Mo.), 288 S. W. 14, it was said in substance that relator does not agree with the Court of Appeals as to its conclusion of fact. He asks us in effect to review the evidence, draw the correct conclusion of fact and apply thereto the appropriate rule of decision. The court said: "It seems to be difficult to convince some of our brethren of the bar that the Courts of Appeals of this State are courts of last resort; that within their several jurisdictions they are just as supreme as we are in ours. The ascertainment of facts as a prerequisite to the application of the law is a necessary incident to the jurisdiction conferred upon them. The ascertainment of the facts of a given case being wholly within the competence of the Court of Appeals, upon a review of its decision in a certiorari proceeding, we are bound by its conclusions in that respect; our power under the Constitution is limited to determining whether it has applied to such facts the same rule of decision which we have applied in our previous rulings to the same or a similar state

of facts. Thereby the constitutional purpose of securing and preserving *uniformity in the general law* is fully subserved.''

To the same effect are State ex rel. Locke v. Trimble, 298 S. W. 782; State ex rel. Chicago & Alton Railroad Co. v. Allen, 291 Mo. 206, 236 S. W. 868, 870; State ex rel. Raleigh Inv. Co. v. Allen, 294 Mo. 214, 242 S. W. 77, 78; State ex rel. Insurance Co. v. Reynolds, 290 Mo. 362, 235 S. W. 88; State ex rel. Winters v. Trimble, 315 Mo. 1295, 1301, 290 S. W. 115; State ex rel. Hauck Baking. Co. v. Haid, 333 Mo. 76, 62 S. W. (2d) 400, and State ex rel. Ely & Walker D. G. Co. v. Cox, 335 Mo. 496, 73 S. W. (2d) 199, and probably others.

We observe no lack of harmony between the decision of the Court of Appeals upon the facts and the rulings made in the cases cited in said opinion. It follows that our writ should be quashed. It is so ordered. All concur.