MAVERICK v. HEARD, *Assignee, Appellant.*

1. Assignment for Benefit of Creditors: FAILURE TO PRESENT CLAIM AT TIME FIXED BY ASSIGNEE. What will constitute a good cause under Revised Statutes, 1879, section 373, for failure of a creditor to present his claim at the time fixed for allowing demands by an assignee for the benefit of creditors must depend on the facts in each case.

2. ———— : ————. Where it appears that the creditor did not receive the assignee's personal notice of the time for presentation of demands, and that neither he nor his attorney had actual notice of said time, and it further appearing that the attorney of the creditor understood the assignee would inform him of said time when fixed, and there was only a few days' delay in the presentation of the claim, *held* that the claim was properly allowed by the circuit court.

*Appeal from Pettis Circuit Court.*—HON. J. P. STROTHER, Judge.

AFFIRMED.

*Louis Hoffman* and *E. J. Smith* for appellant.

(1)   There was no sufficient cause shown why the claim was not presented at the time it should have been under the notice, and the court erred in finding that there was such. R. S., sec. 373; *Ellison v. Lindsley*, 33 N. J. Equity, 258. (2)   Plaintiff asks simply to be relieved from the effect of the carelessness of both himself and attorney. He cannot have such relief. *Field v. Matson*, 8 Mo. 686; *Kerby v. Caldwell*, 10 Mo. 392; *Austin v. Nelson*, 11 Mo. 192; *Carondelet v. Allen's Ex'rs*, 13 Mo. 556; *Harbar v. Railroad*, 32 Mo. 522; *Gehrke v. Jod*, 59 Mo. 522. (3)   The assignee is required to give notice, in a newspaper, of the day set for hearing claims. He is also directed to send notice by mail if residence of claimant is known to him. The notice by mail is simply directed to be given. It may be the assignee cannot give it for want of knowledge where to send it. But the notice in the paper fixes the time just the same. Or he may know where to send by mail and neglect to send it. Yet the time is fixed by the notice in the newspaper, of which all must take notice, and claims must be presented at the time and not after. In this case it is admitted the notice was properly published in the newspaper, and that in due time notice was sent to plaintiff's address by mail. The fact that he says he did not get it can make no difference. Besides a claimant need not wait till the day set. He may file his claim at any time.

*G. P. B. Jackson* for respondent.

(1)   Section 373, Revised Statutes, is a remedial statute, so far as the creditor is concerned in making proof of his demand, and it is to be liberally construed. Sedgwick on Stat. and Const. Law [2 Ed.] 308, *et seq.; Hoguet v. Wallace*, 28 N. J. Law, 523. Acts conferring a limited jurisdiction are to be strictly construed as to jurisdiction, but liberally as to procedure. *Russell v.*

*Wheeler*, 1 Hempstead [U. S. C. C.] 3.* (2) The circumstances, disclosed by the evidence, established a good cause under the statute for permitting the claim to be proved after the day named by the assignee. *Cullerton v. Mead*, 22 Cal. 96; *January v. Powell*, 29 Mo. 241; *Judah v. Hogan*, 67 Mo. 252; *Bank v. Scudder*, 15 Mo. App. 463. Courts of equity will grant relief against mistakes, and permit defenses to be made, or suits to be prosecuted, even after the proper time, when there was an omission arising from a mistake, or from incorrect information. Freeman on Judgments, sec. 500*a.*

BLACK, J.—The plaintiff presented a demand for forty-four hundred and seventy dollars evidenced by a promisory note, to defendant as the assignee of Baldwin for allowance. The assignee disallowed the claim, and the plaintiff appealed to the circuit court where the demand was allowed. The assignee appealed to the Kansas City court of appeals, and the cause was transferred to this court, because the amount in dispute exceeds twenty-five hundred dollars.

That the claim is a just one and should be allowed, if presented in time, is not questioned. The only objection made to it is that it was not presented in time. It is admitted that the assignee designated the tenth day of March, 1885, as the day for the presentation of claims for allowance at his office in Sedalia ; that he gave due notice thereof by newspaper publication, and in due time sent to plaintiff by mail a copy of the printed newspaper notice; and that the demand was not presented for allowance to the assignee until March 17, 1885.

Plaintiff resided in St. Louis and knew that Baldwin had made an assignment, and on the twenty-fourth of January, 1885, he sent the note to Mr. Jackson, an attorney at Sedalia, for the purpose of having it allowed by

the assignee. The plaintiff states in positive terms that he did not receive the notice mailed to him by the assignee, and did not know what day the assignee had designated for the presentation of demands. The evidence of the attorney and the assignee shows that they had a conversation concerning the note about the time the attorney received it, and from this conversation it appears the attorney was led to believe the assignee would notify him of the time fixed for the allowance of demands, and that the notice was not given.

The statute makes it the duty of the assignee to give notice of the time and place of adjusting demands, both by newspaper publication and by a letter addressed to the creditor, when his place of abode is known. Creditors who are thus notified and fail to present their claims at the appointed time are precluded from any benefit of the assigned estate : " Provided, that any creditor who shall fail to lay his claims before said assignee during said term, on account of sickness, absence from the state, or any other good cause, may, at any time before the declaration of the final dividend, file and prove up his claim, and the same may be allowed, and the remaining dividends paid thereon, as in the case of other allowed claims." R. S. 1879, sec. 373.

What will constitute any good cause within the meaning of this statute must be determined from the facts in each particular case. We think it going too far to say that the claimant must make a showing equal to that required to set aside a default in a court of record, after an assessment of damages. Of course, negligence of the claimant or his attorney is not a cause contemplated by the statute. Here the plaintiff did not receive the notice addressed to him, and which the law contemplates he will receive, and neither he nor his attorney had any actual notice of the time which had been designated by the assignee. While the evidence does not show that the assignee in terms agreed to give the

attorney notice, still it is quite clear the attorney under-stood the assignee would inform him of the time when' fixed. There was but a few days' delay, and looking to what we conceive to be the object of the presentation and allowance of these demands, and the spirit of the statute, the claim was properly allowed by the circuit court. The judgment is therefore affirmed. All concur.