BLANCHE WOODS, RESPONDENT, v. CAINSVILLE BANK, S. L. CANTLEY, COMMISSIONER, ET AL., APPELLANTS.*

Kansas City Court of Appeals.   November 26, 1928.

*Corpus Juris-Cyc References: Banks and Banking, 7CJ, section 523, p. 743, n. 81; section 529, p. 744, n. 93.

*J. Hubert Fuller* and *L. M. Hyde* for respondent.

*Frisby & Frisby* for appellants.

ARNOLD, J.—This is an action seeking the classification and payment of a claim against the defendant Cainsville Bank of Cainsville, Harrison county, Missouri, consisting of a certificate of deposit issued by the cashier of said bank on December 21, 1925, due in twelve months, for the sum of $591.95.

The facts of record are that on September 1, 1926, the Cainsville Bank, a corporation which had been operating as a bank at Cainsville in Harrison county, Missouri, for more than forty years, suspended payment by order of its board of directors, and was placed in charge of the commissioner of finance of the State of Missouri. One J. E. Harper was qualified as deputy commissioner and in his hands was placed the liquidation of the bank's affairs. On December 21, 1925, plaintiff purchased of the bank a time certificate for $591.95, due in twelve months, to draw four per cent interest. After taking charge of the bank's affairs said Harper, on September 30, 1926, inserted in the Cainsville News, a weekly paper published at Cainsville, a notice to creditors to the effect that all persons having claims against the said defendant bank must present proof of same on or before January 20, 1927. The first insertion of said notice was in the issue of September 30, 1926, and appeared each week thereafter during the months of October and November and during the month of December with the exception of the 20th day thereof— no paper being published that week—the last issue for that month being on December 23d and in which the notice appeared. The said notice was again published on January 6, 1927, and so continued throughout said month. In addition to said publication deputy commissioner Harper, on October 2, 1926, mailed to plaintiff a copy of the notice to creditors published in the Cainsville News, as above stated, as follows:

"All persons having claims against the Cainsville Bank, Cainsville, Missouri, are hereby notified to present the same to the undersigned, and make proper proof thereof, within four months from the above date, at the banking room of said bank in Cainsville, Missouri, and they are further notified that the last date for presenting said proof will be January 30, 1927."

There was also enclosed to plaintiff the following further notice:

"State of Missouri,
"Department of Finance,

"Jefferson City, Missouri
"Date      Sept. 28, 1926.

"Blanche Woods
    "Princeton, Mo.

"According to the books of the Cainsville Bank, Cainsville, Mo., you hold Certificates of Deposits of the following numbers and amounts:

|      |           |
|------|-----------|
| 4057 | $591.95   |

Total

"If this agrees with your records, please sign and return. Your promptness in this matter will be greatly appreciated.

"J. E. Harper, Deputy State Commissioner in charge Cainsville Bank, Cainsville, Missouri."

To this notice was attached a blank, perforated for detachment, on which was printed:

"Date ——————————— 1926.

"The sum of $591.95 is the correct total of all certificates of deposit of the Cainsville Bank, Cainsville, Mo., held by me and I certify that I have no other claims against said bank in the form of certificate of deposit.

"_____."

The evidence shows plaintiff filled in the blank date and attached her signature and on October 5, 1926, through her husband, filed said claim with deputy commissioner Harper at the banking rooms of the Cainsville Bank. It is further in evidence that plaintiff's said husband, Oscar Woods, on delivery of said form to Harper, asked him "if that is all there is to do," and that Harper compared the form with the books of the bank and said: "It is all right and there is nothing more to do," or words to that effect. But as to this conversation there is some controversy. Commissioner Harper testified that to the best of his recollection such conversation did not occur: that he had no recollection of it. In his version of the matter, Harper, in part, is corroborated by two young lady employees of the deputy commissioner who were in the bank at the time.

Approval of plaintiff's claim was refused by the deputy commissioner and this suit was brought on April 22, 1927, to establish said claim. It further appears in evidence that at the time the suit was instituted no dividend had been declared or paid to creditors of the bank; that at the time of the trial, October 26, 1927, approximately $100,000 had been collected from assets of the bank; that on May 19, 1927, a twenty per cent dividend had been declared in favor of the common claims and about $50,000 had been paid thereon. The expenses of the liquidation up to that time had been about $10,000. There seems to be no dispute as to the material facts in the record and the controversy is waged over the correct application of the law to the facts.

The petition is formal and sets out the facts as above detailed. Judgment is asked for the face of the certificate of deposit and an order of court to classify the claim and that the court require the commissioner to pay the claim out of funds of the bank then in his hands. The answer admits the allegations of the petition as to the prior corporate *status* of the bank, its operation, and that it was closed on the date alleged; that J. E. Harper as special deputy com-

missioner was then in charge of its liquidation; that plaintiff deposited the sum alleged, received a certificate of deposit therefor, and that no part thereof had been paid. These admissions were followed by a general denial of all other allegations in the petition. As affirmative defense the answer avers that immediately after taking possession of the affairs of the bank, the deputy commissioner gave notice to all creditors thereof, including plaintiff, to present their claims within four months, as provided in section 11716, Revised Statutes 1919; that the times specified in said notices had expired and that plaintiff failed to make any proof whatever of her claim within said time.

To which answer plaintiff filed reply alleging that plaintiff did "make out" her claim on the blank furnished by said Harper, deputy commissioner, after being notified by him by letter that the sum of $591.95 was due her from the defunct bank; that she duly signed and filed said claim with the commissioner for the amount alleged in the petition; that the said commissioner of finance had not completed the liquidation of the said bank, and that he still had in his possession uncollected assets, and also a large sum of money undistributed from the assets of said bank; that no final dividend had been declared and no final distribution to creditors had been made; and that the funds of said bank were still in the hands of the commissioner of finance for distribution by order of the court; that defendants admit the sum prayed for is justly due plaintiff, that it has not been paid and that in equity and good conscience, plaintiff "should be allowed to participate in the same dividends they have or do distribute to other depositors." The prayer seeks judgment as asked in the petition and asks the court to order defendants to pay her the same dividends as paid to all other depositors, and for such further relief as to the court may seem just and proper.

A jury was waived and the cause submitted to the court on an agreed statement of facts which, in substance, is as stated above. The court, by its decree, found for plaintiff in the sum of $615.63 at the same time classifying the claim as common and ordering it paid as such. Motions for a new trial and in arrest were ineffectual and defendants have appealed.

At the close of all the evidence defendants offered four declarations of law which the court refused. These declarations were as follows: (1) "That proper proof of claim within the meaning of section 11716, Revised Statutes 1919, consists of a declaration in writing as to the amount of the claim, together with a statement showing that defendant bank is not entitled to any set-off against said claim and said statement being signed and sworn to by claimant or her authorized agent." (2) "That the notice mailed to plaintiff in

this case, notifying her to present her claim and make proper proof thereof, together with the notice published in the Cainsville News, a weekly paper printed and published in Cainsville, Harrison county, Missouri, said notice being published weekly for three consecutive months, directing all creditors to present their claims and make proper proof thereof, said notice specifying the last date for presenting claims. All as detailed in the evidence, constituted sufficient notice to plaintiff to present and make proper proof of her claim within the meaning of section 11716, Revised Statutes of Missouri for 1919." (3) "That the verification of account introduced in evidence and signed by Blanche Woods, the plaintiff herein, does not constitute proper proof of claim against the Cainsville Bank, within the meaning of section 11716, Revised Statutes of Missouri, 1919." (4) "That the claim of plaintiff against defendant bank, not having been presented to the commissioner of finance in charge thereof and proper proof thereof made within the four months' period provided for in the notice, introduced in evidence, is now barred by limitation under the provision of section 11716, Revised Statutes 1919."

The decree was thereupon entered as above stated. The motions for a new trial and in arrest charged the court erred in this: (1) That the judgment rendered was contrary to law, (2) that the judgment and finding of the court is not supported by the evidence; and (3) in refusing to give the declarations of law numbered 1 to 4 inclusive, requested by defendants. There are four assignments of error which are based upon the refusal of the court to give the declarations of law above set out. Counsel seem to agree that the proper construction of section 11716, Revised Statutes 1919, will control the situation and we deem it proper to quote said section in full, as follows:

"When the commissioner shall have taken possession of such corporation or private banker, and shall have determined to liquidate its affairs, he shall notify all persons who may have claims against such corporations or banker to present the same to him and make proper proof thereof within four months from the date of said notice and at a place specified therein, and shall specify in said notice the last date for presenting said proofs. He shall cause said notice to be mailed to all persons whose names appear as creditors upon the books of the corporation or banker. He shall also cause said notice to be inserted weekly in such newspapers as he may direct for three consecutive months, the first insertion thereof to be published more than ninety days before the last day fixed in said notice for presenting proof of claims. After the date specified in such notice as the last date for presenting proofs of claims the commissioner shall have no power to accept any claim."

962

In support of defendant's first charge of error, above set out, it is urged that proper notice was given creditors within the meaning of the statute just quoted; that the word "week" means a period of seven days without reference to the time when such period commences; that "weekly" means once a week; that the statute requiring publication "once a week for four weeks" means to use the term "week" as a period of time consisting of seven days and that the publication must be made in seven days; that a week does not expire until the full seven days have elapsed; that a "month" when used without qualification means a calendar month and should be computed not by counting days but with reference to the calendar; that a month runs from a given day in one month to the corresponding day in the following month.

These observations plaintiff does not dispute. In support of them defendants cite cases and argue that the notice to plaintiffs was proper under the authorities and in compliance with the statute. From this premise defendants urge the court erred in refusing their declaration of law No. 1. In said requested declaration defendants attempt to define the words "proper proof" used in the section, to the effect that it consists of a declaration in writing as to the amount of its claim, together with a statement showing that defendant bank is not entitled to any set-off against said claim, the claim being signed and sworn to by claimant or her authorized agent.

Reverting to the sufficiency of the published notice, it will be observed that in addition to the said notice, the statute requires the notice shall be inserted weekly in such newspapers as the commissioner may direct "for three consecutive months." It is not disputed that the first publication of the notice was in the issue of the Cainesville News of September 30, 1926, and the last in the second issue on February 13, 1927, excepting the issue of December 20, 1926, on which date the paper was not published. We must hold therefore that the publication of the notice did not comply with the strict requirement of the statute, to-wit: "He shall also cause said notice to be inserted weekly in such newspapers . . . for three consecutive months." . . . With the *hiatus* of December 20, 1926, on which date the paper was not published, we cannot say the publication meets the statutory requirements of "weekly" "for three consecutive months." Therefore we must hold against defendant's contention that the published notice was proper. The statute requires notice to creditors both by mail and publication as therein defined. Even if the notice by mail was proper, there was a positive failure of the publication notice, and defendant's contention is without merit.

It is further urged the refusal of defendants' declaration of law No. 1 was error, in that proof of claim consists of a declaration in

writing stating the amount of the claim, and that defendant bank is not entitled to any set-off against the same. The vice of this position is apparent when we consider the statute makes no such requirements. It is insisted that the requirements in this respect are the same as those requiring proof of claims in bankruptcy, in matters of probate and the like. Such position is untenable for the reason that the statutes relative thereto provide for such verification in proof of claims. Not so here. The statute makes no such requirement. It is most reasonable to presume that if the Legislature had intended that proof should be made by verification, it would have so provided. It has been held that in the absence of a statute requiring verification of claims, such verification is not required. [34 Cyc. 343; Arnold v. Penn, 32 S. W. 353; Austin v. Bank, 297 S. W. (Tex.) 626.] The statute governing assignments (sec. 642, R. S. 1919) is similar to the one applying to bank liquidations. Neither requires verification. What has just been said covers defendant's charges of error numbered 2, 3 and 4, all being similar, and requires a ruling against defendant's contentions relative thereto.

It is urged plaintiff failed to comply with the commissioner's notice and the statute. We think such a position not well founded. As stated, the statute (sec. 11716) prescribes no form or manner in which claims may be presented. The plaintiff, as shown by the proof, did all the deputy commissioner required of her under the notice and statute. Section 11689, Revised Statutes 1919, empowers the deputy commissioner to administer oaths and thereunder inquire into the validity of any claim presented, if not satisfied with its justness. The testimony shows he made no such requirement of plaintiff. It is the law that in matters of receivership and assignments the court has discretion to inquire into and allow claims not even presented to the receiver or assignee, where funds have not already been distributed. [34 Cyc. 342; Bank v. Ripley, 161 Mo. 126; Maverick v. Heard, 99 Mo. 581; Powers v. Hill, 27 Mo. App. 190; sec. 11720, R. S. 1919; Bartlett v. McCallister, 289 S. W. (Mo.) 814; Bowersock v. Power & Trust Co., 298 S. W. 1049.] It is in evidence that the suit at bar was brought within the statutory period, to-wit, one year. [Sec. 11720, R. S. 1919.] The record discloses that plaintiff filed her claim in the manner prescribed in the notice; that sixty days elapsed thereafter and that within less than six months this suit was begun. This is all the statute requires. [Secs. 11716, 11720.]

What we have said herein covers all points raised. We fail to find reversible error of record and the judgment is accordingly affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.