MARY C. FARIS et al., Appellants, v. A. G. MOORE,
S. M. BALL and HENRY ORF.

Division Two, March 24, 1914.

1. **VOID DEED: Remedy.**  If the trustee's deed under which de-
fendant claims title is void on its face, the mortgagor's remedy
is not a suit in equity to set the deed aside, but an action at
law (ejectment).

2. **LIMITATIONS: Insane Person: Twenty-four-year Statute.**  A
trustee's deed and sale under a deed of trust made by an insane
mortgagor cannot be avoided on the ground of his insanity if
twenty-four years have intervened between the time the
trustee's deed was made and the bringing of the suit.   The
twenty-four-year Statute of Limitations is a complete bar to
such a suit.

3. ———: **Sale Under Deed of Trust: Accrual of Cause of Action.**
A cause of action to redeem under a foreclosure sale under a
deed of trust and to set aside the trustee's deed made in pur-
suance thereto accrued on the date the purchaser at the sale
entered into the adverse possession of the land, which usually
in law is the date the trustee's deed was made.

4. ———: For Recovery of Real Estate: Application of Statutes. Secs. 1888 and 1894, R. S. 1909, have no application to actions for the recovery of real estate.

5. ———: Twenty-four-year Statute: Insane Person: Constitutional. The twenty-four-year Statute of Limitations (Sec. 1881, R. S. 1909) barring an action by an insane person to recover real estate unless brought within twenty-four-years after its accrual, is not unconstitutional, as depriving insane persons of their property without due process of law. Statutes of limitations are looked upon with favor, and will not be held unconstitutional unless they are plainly unreasonable. Liberal statutory provisions for obtaining guardians to protect and preserve the property of insane persons have been made, so that the danger of their losing their real estate through that statute is not great.

Appeal from St. Charles Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*McShane & Goodwin* for appellant.

(1) The sale by the trustee under the deed of trust here presented was premature and therefore void. (a) The power given in a deed of trust is a creature of contract, and not of law, and it must be strictly followed to render its exercise legitimate. Stewart v. Brown, 112 Mo. 171; Schanewerk v. Hobericht, 117 Mo. 22. (b) The deed of trust in bar contains no provision authorizing a sale in default of one note or part of the debt secured. Reading the entire deed it is clear the parties only intended and authorized a sale after the last note became due. (2) The sale and the trustee's deed in this cause appear to have been conducted by one Adolphus G. Moore, and not by A. G. Moore, the person so authorized in the deed of trust. The acknowledgment of the alleged trustee is fatally defective, because in it the officer taking the same failed to recite that Adolphus G. Moore was known to him to be the person whose name is subscribed to the instrument as a party thereto. The law requires that the

person making acknowledgment to any instrument affecting real estate should be known to the officer taking the same to be the person whose name is subscribed to such instrument as a party thereto; and the law further requires that the officer shall certify such fact in his certificate. Secs. 2798, 2799, R. S. 1909. (3) The alleged trustee's deed is also void because it is executed and acknowledged by Adolphus G. Moore in his personal capacity and not as trustee.

*William F. Broadhead* and *Charles Martin* for respondents.

(1) A deed or contract entered into by a person of unsound mind not under guardianship, if made in good faith and no advantage is taken, will be upheld. Wells v. Benefit Association, 126 Mo. 630; Rhodes v. Fuller, 139 Mo. 179; McKenzie v. Donnell, 151 Mo. 431; Cutler v. Zollinger, 117 Mo. 92; McKissock v. Groom, 148 Mo. 464; Chadwell v. Reed, 198 Mo. 359-375; note to Flack v. Gottschalk, 71 Am. St. 429; 16 Am. & Eng. Ency. Law (2 Ed.), 624, 625. (2) Plaintiff is guilty of laches in waiting over thirty years to bring his suit, and his right of action is barred by the ten-year Statute of Limitations. Sec. 4262, R. S. 1899; Sec. 1879, R. S. 1909. (3) The twenty-four-year Statute of Limitation, Sec. 1881, R. S. 1909, bars plaintiff's cause of action. DeHatre v. Edmonds, 200 Mo. 279; Poe v. Dorric, 54 Mo. 119; Campbell v. Gas Co., 84 Mo. 377; Scannell v. Fountain Co., 161 Mo. 619; Quick v. Rufe, 164 Mo. 413; Robinson v. Allison, 192 Mo. 373. (4) The thirty-year Statute of Limitation, Sec. 1884, R. S. 1909, bars plaintiff's cause of action. DeHatre v. Edmonds, 200 Mo. 246; Dunnington v. Hudson, 217 Mo. 101; Scannell v. Fountain Co., 161 Mo. 619; Collins v. Pease, 146 Mo. 135; Fairbanks v. Long, 91 Mo. 629.

*Sutton & Huston* for appellant in reply.

(1) This is an equitable action and is governed by the third clause of Sec. 1888, R. S. 1909, so far as the Statute of Limitations is concerned. The twenty-four year Statute of Limitations and the thirty-one year Statute of Limitations have no application. Sec. 1894, R. S. 1909, exempts from the operation of the statute an insane person so long as the disability exists. Lile v. Kincaid, 160 Mo. App. 303; Loomis v. Railroad, 165 Mo. 469; Hunter v. Hunter, 50 Mo. 445; Newton v. Rebenack, 90 Mo. App. 650; White v. Pendry, 25 Mo. App. 542; Stark v. Zehnder, 204 Mo. 442; Eliott v. Machine Co., 236 Mo. 546; Buswell on Limitations and Adverse Possession, sec. 316. (2) So long as the relation of mortgagor and mortgagee exists, the possession of the mortgagee is not adverse to the mortgagor. Jones v. Foster, 175 Ill. 459; Morris v. Ile, 152 Ill. 190; Rockwell v. Stewart, 63 Ill. 424; Cross v. Hepner, 7 Ind. 359; Fenwick v. Macey, 1 Dana (Ky.), 276; Inderson v. Lanterman, 27 Oh. St. 104. Equity always implies that possession by the mortgagee was taken under an engagement to account for the rents and profits to the mortgagor and to apply them to the discharge of the mortgage debt. Cholmondeley v. Clinton, 2 Jac. & W. 1. The rule applies to an absolute deed given to secure a debt. Green v. Turner, 38 Iowa, 112.

BROWN, J.—Action in equity to redeem from sale under deed of trust, to set aside deeds and recover real estate, with the rents thereof. From a judgment for defendants plaintiffs appeal.

This action was originally prosecuted by one William J. Faris, an alleged insane person, through his guardian, against defendants Moore, Ball and one Anton G. Orf. Since the trial below the plaintiff and Anton G. Orf, the principal defendant, have died, and

the cause has been revived at the instance and in the name of heirs of the original appellant against the heirs and devisees of Anton G. Orf, the deceased defendant.

The petition filed by the guardian of the original plaintiff, William J. Faris, alleges that on and before January 18, 1876, said Faris was a person of unsound mind and incapable of managing his affairs. That on said January 18, 1876, the defendant S. M. Ball, well knowing that William J. Faris was a person of unsound mind, fraudulently induced him to execute and deliver a deed of trust to defendant A. G. Moore, purporting to convey to said Moore a tract of land in St. Charles county, Missouri, containing eighty-five acres, in trust to secure to defendant Ball the payment of promissory notes aggregating $800.

That on February 27, 1878, and before all the indebtedness recited in said deed of trust became due, the said A. G. Moore, pretending to act under a power of sale contained in the deed of trust, sold the land described therein to defendant S. M. Ball, and executed a trustee's deed purporting to convey the legal title of the aforesaid land to said Ball, which deed of trust and trustee's deed were duly recorded in the land records of St. Charles county.

Said petition further recites that on April 6, 1896, defendant S. M. Ball executed and delivered to one Anton G. Orf (one of the original defendants herein) a deed purporting to convey to said Orf the aforesaid real estate. In said petition it is further alleged that said defendants S. M. Ball and Anton G. Orf have been in the possession of the real estate in controversy since March 1, 1878, and have unlawfully received and retained the rents and profits thereof during all that time. Wherefore, a judgment was prayed permitting the said William J. Faris to redeem the aforesaid land from the indebtedness secured by the deed of trust; that said

trustee's deed and the deed from Ball to Orf be set aside, and that plaintiff recover the rental value of the property in controversy during all the time it has been in the possession of defendants, amounting to the alleged sum of $10,672, less the indebtedness secured by the aforesaid deed of trust. Said petitioner also demanded that the possession of said real estate be restored to William J. Faris.

The answers of defendants admit the execution and delivery of the aforesaid deed of trust and trustee's deed, likewise the deed from Ball to Orf, and allege that said deeds were each made and received for a valuable consideration and in good faith without any knowledge of the alleged insanity of William J. Faris.

Said defendants further aver that they have been in open, notorious, adverse and continuous possession of the real estate in controversy since February 27, 1878, a period of thirty years and six months, and interpose the twenty-four-year Statute of Limitation (Sec. 1881, R. S. 1909) as a bar to plaintiffs' alleged right to recover in this case.

The reply of plaintiffs re-asserts the insanity and mental incapacity of said William J. Faris at the time his cause of action accrued, and alleges that said insanity continued up to the date when this action was instituted.

For a further reply it is also asserted that section 1881, Revised Statutes 1909 (the twenty-four-year Statute of Limitation) is in conflict with section 30, article 2, Constitution of Missouri, and section 1, of article 14 of the Amendments to the Constitution of the United States, in that said statute deprives the plaintiff of his property without due process of law.

Such other facts as are necessary to a full understanding of the case will be noted in our opinion.

## OPINION.

I. The briefs filed by plaintiffs assert that on account of certain defects in the execution and acknowledgment of the trustee's deed from Moore to Ball, said deed is void on its face. This contention is untenable.

Equity:
Remedy at Law.

If the trustee's deed be void, then the plaintiff cannot recover in this equitable action, because of the existence of a complete remedy at law by ejectment. [Benton County v. Morgan, 163 Mo. 661, l. c. 678; McKee v. Allen, 204 Mo. 655, l. c. 674.]

II. The plaintiffs' petition alleges that the deed of trust and trustee's deed purport to pass the legal title, and the case seems to have been tried on the theory that defendants are invested with the legal title, but that said legal title is voidable, because of the alleged mental incapacity of William J. Faris to make the deed of trust, and the further alleged fact that the sale under such deed of trust was prematurely made.

Limitation.

We do not think a detailed statement of the evidence is necessary to a full understanding of the issues upon which the case must be decided. Such evidence satisfactorily proves the mental incapacity of plaintiff on January 18, 1876, and continuously thereafter up to the date this suit was instituted. It also proves that defendants have been in open, notorious, continuous and adverse possession of the property in controversy since February 27, 1878 (the date of the trustee's sale). This possession is practically admitted by the allegations contained in plaintiffs' petition.

William J. Faris had not been adjudged insane when he executed the deed of trust, and he was not under the active guardianship of anyone until he was sixty-six years of age, or until about a year before this suit was instituted, though it is claimed he was adjudged insane at an earlier date.

256 Mo. 9

Conceding the full force of plaintiffs' contention that William J. Faris was mentally incapable of managing his affairs in 1876 when he executed the deed of trust, and that such mental incapacity continued until the commencement of this action, and conceding the further fact that the deed of trust was prematurely foreclosed, his right to recover the land sued for turns squarely upon the twenty-four-year Statute of Limitation, which reads as follows:

"If any person entitled to commence any action in this article specified or to make any entry be, at the time such right or title shall first descend or accrue, either within the age of twenty-one years, or *insane,* or imprisoned on any criminal charge or in execution upon some conviction of a criminal offense for any time less than life, or a married woman, the time during which such disability shall continue shall not be deemed any portion of the time in this article limited for the commencement of such action or the making such entry; but such person may bring such action or make such entry after the time so limited, and within three years after such disability is removed: *Provided,* that no such action shall be commenced, had or maintained or entry made by any person laboring under the disabilities specified in this section, after twenty-four years after the cause of such action or right of entry shall have accrued." [Sec. 1881, R. S. 1909.]

The section of law above quoted is found in article 8, chapter 21, Revised Statutes 1909, and to arrive at a proper understanding of the same we must consider the first section of said article (section 1879) which fixes the general period of limitation at ten years for the institution of all suits to recover lands or to recover the possession thereof. Said section 1879, supra, has been held to embrace actions in equity to set aside deeds made to defraud creditors (Rogers v. Brown, 61 Mo. 187); actions to assign dower when such dower is held by an adverse claimant (Robinson v. Ware, 94 Mo.

678). In short, by its very language it embraces the suit now in judgment, which is an action to set aside deeds and recover the possession of real estate; and the fact that plaintiff asks to redeem from the lien of the deed of trust and demands an accounting for rents does not change the situation.

Then comes section 1881 (hereinbefore quoted), which extends the time during which actions to recover real estate may be instituted by persons who are insane at the time their causes of action accrue to any date within three years after their sanity be restored, provided that such action cannot be instituted at a later period than twenty-four years after the accrual thereof.

Section 1881, supra, is not ambiguous when its words are given their ordinary and obvious meaning. As applied to the facts in this case the accrual of the cause of action to William J. Faris was the date when defendants entered into the adverse possession of the land in controversy, to-wit, February 27, 1878 (Boyd v. Weber, 193 Pa. St. 651), and said Faris had just twenty-four years from that date in which to begin this action; and as it was not instituted during that period he and those claiming under him are completely barred from maintaining it. These views are strongly supported by the able opinion of Judge GRAVES in De-Hatre v. Edmonds, 200 Mo. 246, l. c. 274 and 275, and the case of Graham v. Wilson, 168 Mo. App. 185, l. c. 193. In those cases the disability relied upon was coverture, but the disabilities of coverture and insanity are governed by the same section of the statute.

What we have here said does not apply to persons holding an estate in remainder when the existence of an outstanding estate for life or some particular estate renders it unlawful for such remainderman to enter into or maintain an action to recover possession.

Appellants' counsel, however, insist that this action is not governed by the limitations contained in section 1881, supra, but by the third subdivision of sec-

tion 1888, and by section 1894, Revised Statutes 1909, and cite in support of that insistence Lile v. Kincaid, 160 Mo. App. l. c. 303; Loomis v. Mo. Pacific Ry. Co., 165 Mo. 469; Hunter v. Hunter, 50 Mo. 445; Newton v. Rebenack, 90 Mo. App. 650; White v. Pendry, 25 Mo. App. 542; Stark v. Zehnder, 204 Mo. 442; and Elliott v. Landis Machine Co., 236 Mo. 546.

Sections 1888 and 1894 are a part of article 9, chapter 21, Revised Statutes 1909, and the very first section thereof recites that said article relates to actions "other than those for the recovery of real estate;" so that this insistence of plaintiffs is entirely untenable.

IV. The last contention of appellants' counsel is that said section 1881 is unconstitutional, in that it deprives insane persons of their prop-
**Constitutionality of Statute of Limitation.** erty without due process of law. This contention is not supported by any adjudicated case in America, or elsewhere, so far as we have been able to discover. Said section 1881 may occasionally result in insane persons losing their real estate—such misfortunes also frequently happen to people who are sane but through some mischance neglect their property. Liberal provisions have been made for securing guardians to protect the property of insane persons by article 19, chapter 2, Revised Statutes 1909, so that the danger of such insane persons losing their real estate through the statutes of limitation is not very great.

It is a matter of public interest that the titles to real estate shall, so far as practicable, be settled during the generation when such titles become unsettled or clouded, rather than pass the mistakes or even the wrongs of one generation down to be visited upon remote posterity or remote grantees. Consequently statutes of limitation are looked upon with favor, and will not be held unconstitutional unless they are plainly unreasonable. [25 Cyc. 986-987.] We are unable to

see anything unreasonable in the twenty-four year Statute of Limitation as applied to insane persons, and finding no reversible error in the record the judgment of the circuit court will be affirmed. It is so ordered.

*Walker, P. J.,* and *Faris, J.,* concur.