MACON COUNTY, Appellant, v. FARMERS TRUST COMPANY OF MACON; S. L. CANTLEY, as Commissioner of Finance of the State of Missouri; and ALONZO ENGLISH, as Deputy Commissioner of Finance in Charge of Assets of said Farmers Trust Company. —29 S. W. (2d) 1096.

Division Two, July 3, 1930.

*William M. Van Cleve, Otho F. Matthews* and *Ed S. Jones* for appellant.

*C. G. Buster* and *Waldo Edwards* for respondents.

BLAIR, P. J.—Action in the Macon County Circuit Court to secure priority of payment for the balance due Macon County upon its unpaid deposit in Farmers Trust Company of Macon. The trial court denied the relief sought, and the county was granted an appeal to this court.

The uncontradicted facts will be briefly stated. In May, 1925, the County Court of Macon County advertised for bids from banking institutions which desired to become depositaries of the county funds for the ensuing two-year period. Farmers Trust Company of Macon, to which we will generally refer as "trust company," was then awarded two-tenths of such funds on its proposal to pay interest thereon monthly at two per cent. Under agreement with the county court, the trust company gave its bond in the sum of $60,000, with personal sureties, and also deposited as further security certain collateral, which it is unnecessary to describe.

In May, 1927, the county court made another order accepting bids of several banks and awarding county funds to them as depositaries for a further period of two years. The trust company then bid two per cent interest for two-tenths of such funds, as before; but was then awarded only one-tenth of the funds of the county, upon certain conditions as to bond and deposited collateral, with which the trust company failed to comply. Thereupon the county court ordered the return of the money deposited under the 1925 arrangement. Only a part thereof was paid out on checks of the county treasurer, in whose name the county deposit was carried.

On August 10, 1927, the trust company was placed in the hands of the Commissioner of Finance, and on August 27, 1927, respondent English was put in charge of its liquidation. The amount then due Macon County was found to be $27,095.74. A claim in that amount was filed by the county with the commissioner in charge of the trust company, and that claim was subsequently

approved as a general or common claim for the sum due at the time and was listed with other claims in the office of the Recorder of Deeds.

On November 7, 1927, and in response to the petition of the county therein filed, the Circuit Court of Macon County authorized and ordered the County Court of Macon County "to sell and dispose of for cash, at public or private sale" the collateral deposited by the trust company in May, 1925, and still held by the county, and to apply the proceeds thereof to the indebtedness due the county, and to apply the proceeds thereof to the indebtedness due the county from the trust company.

At the same term of the circuit court, the county filed suit against the sureties on the $60,000-bond given by the trust company in May, 1925. The trust company was not made a party to the suit. It was alleged in the petition to be insolvent. The record does not disclose the disposition of this suit, but it appears that $3750 was all that the county was able to, or at least did, realize from the personal sureties. This amount, with the proceeds of the sale of the collateral, reduced the claim of the county to $6,412.76, which was the amount of the claim the county sought to have allowed in this proceeding as a preferred claim against the funds of the trust company in the hands of the liquidating agent.

From the judgment of the trial court, it is impossible to tell upon what theory that court decided the case. The judgment is simply a finding of the issues for defendant. The county contends (and respondents apparently do not contend otherwise) that the money of the county improperly retained by the trust company, without compliance with the terms of the renewed deposit, after demand by the county for its return, constituted a trust fund in the hands of the trust company. [Huntsville Trust Company v. Noel, 321 Mo. 749, 12 S. W. (2d) 751.] Such trust fund went to swell the assets of the trust company and the liquidating agent had on hands and undistributed to depositors or other creditors funds more than sufficient to pay the claim of the county and other claims, if any, which were allowed preference.

Respondent seeks to justify the judgment of the trial court on the ground that the suit to establish the county's claim as a preferred claim is barred by limitation under Section 11720, Revised Statutes 1919, and that the judgment rendered in the former suit on the same cause of action between the same parties "operates as an estoppel and bar not only to every issue that was offered, but as to every other matter which might have been litigated or determined in the action."

We are unable to understand how the two suits, or either of them, could be regarded as an adjudication of the matters involved in this case. The record fails to show whether or not the suit on

the bond against the sureties went to judgment. It only discloses that the sureties paid $3,750 and that said amount was credited on the claim of the county. If the suit did go to judgment, the trust company was not a party to it. It was an action on a joint and several obligation. The county had the right to sue the sureties, as it did, without joining the trust company or its liquidating agent as parties. Without such joinder, the right of the county to have its claim preferred could not have been determined in that suit.

In the proceeding to secure authority to sell the collateral, the trust company and the liquidating agent were made parties. That proceeding was determined before the time was up for filing of claims against the trust company and before the circuit court was authorized to determine priorities. It would have been impossible, in the judgment or order in either proceeding, to have fixed in advance the definite amount of the county's claim for which it would have been entitled to a preferential payment out of the funds in the hands of the liquidating agent. The amount of such preferred claim depended on the sum to be realized out of the sale of the collateral and the amount the county could secure from the sureties on the bond. We regard the plea of prior adjudication as without merit and insufficient to justify the judgment rendered.

Was the suit to have the county's claim given preferential payment barred by limitation under the provisions of Sections 11716, 11718, 11719, 11720, 11722 (amended, Laws of 1927, p. 215), Revised Statutes 1919, as respondents contend?

Section 11716 provides for notice by the Commissioner of Finance fixing the time within which claims against the failed banking institution may be filed with such commissioner.

Section 11718 provides for objections to the approval of claims filed with the commissioner and outlines the subsequent procedure in the circuit court in connection therewith, if the commissioner fails to reject the claims objected to.

Section 11719 relates to the duties of the commissioner in respect to the approval or rejection of claims and the procedure in respect thereto. Said section provides that "the commissioner shall not determine priorities, in approving or rejecting claims; but approved claims shall be presented to the circuit court pursuant to Section 11722 for determination as to their priority of payment."

Section 11720 defines the rights of claimants whose claims have been approved by the commissioner and fixes the time within which claimants whose claims have not been approved by the commissioner may institute an action thereon and provides a bar to suits against the banking institution thereafter "while the commissioner is in possession of its affairs and business." Said section also covers the requirements of pleadings in suits on claims not approved by the commissioner.

That part of Section 11722 with which we are now concerned, reads as follows: "At any time after the date fixed by the commissioner for the presentation of claims, the circuit court or judge thereof in vacation may by order authorize the commissioner upon his application to declare out of the funds remaining in his hands after the payment of expenses, one or more dividends. Such order shall specify what claims, if any, are entitled to priority or payment, and shall direct the commissioner regarding the manner of payment of such prior claims. At any time after the expiration of eight months from said date fixed for the presentation of such claims, he may by like order declare a final dividend. Such dividends shall be paid to such persons, in such amounts, and upon such notice, as the circuit court or judge thereof in vacation in the county or city in which the principal office of such corporation or private banker is located may by order direct." [Laws 1927, p. 215.]

From the language we have quoted from Section 11719 and the reference in Section 11720 to claims entitled to priority, it is evident that the right to priority of payment may be asserted when claims are filed with the commissioner, although he is not empowered to determine such priority. If such right has been asserted at the time the claim is filed with the commissioner, that officer is clearly required by Section 11719 to present such claim to the circuit court for determination as to its right to priority.

The question then is: Can a claimant assert the right to and procure priority for his claim by direct proceeding in the appropriate circuit court, when he has not availed himself of his right to make such demand when he filed his claim with the commissioner? If Macon County could make such subsequent demand, was its demand, after the six months mentioned in Section 11720, made in time?

It cannot well be denied that, but for the provisions of the sections of the statute above mentioned creating a special limitation as to claims against a failed banking institution, a creditor of such banking institution would have all the time provided by our general statute of limitations, at least so long as the commissioner had sufficient funds of the bank in his hands and other creditors suffered no injury by the delay, to present his claim and to assert any right to priority of payment he might have.

While the rule in this State is that statutes of limitation are looked upon with favor, unless clearly unreasonable (Faris v. Moore, 256 Mo. 123, l. c. 132, 165 S. W. 311), yet, it is also a well known rule that a statute of limitations should not be applied to cases not clearly within its provisions and its application should not be extended by construction. [37 C. J. 691, sec. 9; Mann v. Bank of Greenfield, 323 Mo. 1000, 20 S. W. (2d) 502, l. c. 508.]

The acceptance of claims by the commissioner within four months after the notice comes clearly within the provisions of section 11716, but, that the assertion of the right of a creditor to priority of payment for his claim must be made before the commissioner within said period of four months or at any other time, does not appear. The special statutes of limitations found in the sections referred to should not be applied to bar a creditor's right to assert priority as to a claim filed in due time, unless the bar against the assertion of such right comes clearly within the provisions of those sections. It cannot be said that those sections clearly cover and put a time limit upon the making of claims of priority.

Respondents contend that the county's assertion of right to priority is barred under the provisions of Section 11720, because not asserted within six months after the time the commissioner is required to approve or reject claims, notwithstanding the balance due the county was timely allowed by the commissioner as a general claim. A reading of Section 11720 discloses that the limitation of six months there provided is a limitation as to actions against the banking institution upon claims which the commissioner has failed to approve and has no reference to claims which have been approved by the commissioner. While the language is that "no action shall be maintained . . . unless brought within the period of limitation specified in this section," it is manifest that the limitation applies only to claims not approved by the commissioner because the fact of such failure to approve is required to be alleged in the petition in the action required to be commenced within such period of limitation.

Section 11722 provides that "*at any time* after the date fixed by the commissioner for the presentation of claims" (emphasis ours), the circuit court may make an order authorizing the declaration and payment of dividends and "such order shall specify what claims, if any, are entitled to priority of payment." It does not appear that such an order had been made in the liquidation of the trust company or that any dividends had in fact been declared or paid. The inference is quite to the contrary; for it appears that the liquidating agent had collected and still had on hand about $65,000 in cash and collateral at the time of the trial.

Applying to this statute the rule that the cases to which a shortened period of limitation applies will not be extended by construction, it would seem that the right of a claimant to assert priority for his claim, already duly filed, should not be barred by limitation, if made before the circuit court has made an order under Section 11722, authorizing the declaration and payment of dividends on claims and determining what claims are entitled to priority of payment.

It is argued that the statutory provisions here considered evidence the legislative intent that failed banking institutions shall be liquidated quickly, possibly within a year after going into the hands of the Commissioner of Finance, and that, as the county's suit was not even instituted until more than a year after suits on rejected claims are required to be commenced, it is barred by limitation. No dividends had been paid or ordered paid, when this case was tried, and concededly no depositor or other creditor has suffered any disadvantage he would not have suffered had the county asserted its right to priority for its claim at the time it was filed with the commissioner. If laches had been claimed and the facts justified the interposition of such claim, a different situation might appear.

In the absence of a clear provision in the statute limiting the right of creditors of a failed banking institution to assert the right of priority of payment for their claims, we cannot hold that priority for the county's claim can properly be denied because the right thereto was not asserted when the claim was filed with the commissioner or within six months after the commissioner was required to approve or reject claims, particularly where no facts are present justifying denial of priority on the grounds of laches or estoppel.

Respondents cite Tate v. Citizens Savings Bank (Mo. App.), 21 S. W. (2d) 222. We do not regard the case as authority for their contention. Mrs. Tate sold a city lot to the bank and, as part payment, accepted time certificates of deposit under an agreement that the money due her should remain deposited in the bank for a specified time. This arrangement was held by the Springfield Court of Appeals to be equivalent to a note given in payment for the lot, for which a vendor's lien could be asserted. When the bank failed, Mrs. Tate filed her certificates of deposit with the commissioner in due time and the same were approved as general or common claims against the bank. No assertion that Mrs. Tate's claim was entitled to be decreed a vendor's lien on the lot sold by her was made until her suit was filed. It is true that the Springfield Court of Appeals held that the suit, filed on the last day of the six months' period specified in Section 11720, was filed in time. But it does not follow that, if the same suit had not been filed within such six months' period, it would have been barred. That court apparently assumed that the limitation, specified in Section 11720, applied to all claims against the bank, instead of only to those not approved by the commissioner.

Respondents cite Bowersock M. & P. Co. v. Citizens Trust Company (Mo. App.), 298 S. W. 1049. In passing upon plaintiff's contention that an action to establish priority of payment for a claim as an alleged trust fund was not barred by Sections 11716 and 11720, the St. Louis Court of Appeals said: ''We cannot

persuade ourselves to believe but that these statutes which fix the limitation apply to all claims of whatever character against a bank where notice has been properly given.'' What was there said cannot be regarded as persuasive here because in that case the claim itself was filed with the commissioner long after the expiration of all the periods of limitation fixed by said sections. That case was not, as is the one at bar, an action or proceeding to secure preference for a claim filed and approved as a general claim strictly within the time fixed by the statute.

We fail to see how Woods v. Cainsville Bank (Mo. App.), 11 S. W. (2d) 56, is in point. The questions there related to the sufficiency of the notice to creditors published by the liquidating agents in charge of the failed bank and whether or not the claim of plaintiff, admittedly made within four months, was formally sufficient to meet the requirements of Section 11716.

Cold Springs Lodge v. Cantley (Mo. App.), 18 S. W. (2d) 111, is the only other case cited by respondents. That case was decided upon the insufficiency of the petition, which failed to allege, in compliance with Section 11720, that the claim sued on was duly filed and that sixty days had elapsed since the expiration of the time for filing claims and the claim sued on had not been approved. The case is not in point.

While it is undoubtedly true ''that the time for enforcing a remedy may be shortened by the Legislature where it does not deprive such party of its remedy and leaves it a reasonable time in which to enforce it,'' as contended by respondents, yet, it must be made clearly to appear that the action or proceeding to which such statute is sought to be applied comes within its terms. Actions and proceedings not clearly within the terms of such a statute should not be brought in by reason of extending the application of the statute through construction.

The claim of respondent county was timely filed with the commissioner and allowed by him as a general claim and was not presented by him to the circuit court for determination as to priority of payment because the right to priority had not then been asserted. It was not necessary to bring an action upon the claim within six months, under the provisions of Section 11720, because said claim was not rejected, but in fact had been approved by the commissioner, and such approval, where objection to its approval had not been offered, had all the force of a judgment against the trust company, payable out of its funds in the hands of the commissioner. [Sec. 11718.]

The only claim not made by the county within the times fixed by Sections 11716 and 11720, was that the balance due it on its deposit was a trust fund and that the claim therefor was entitled to priority of payment. The assertion of such right does not clearly

794

appear to be required to be made within the times fixed in the statutes under consideration. In the absence of such clear requirement and in view of the admitted fact that the commissioner has sufficient funds on hand to pay the county's claim in full and because other creditors will suffer no disadvantage they would not have suffered had the county asserted its right to priority when it filed its claim, we think that it is barred neither by said statutes nor by laches from asserting priority for the first time when it filed this proceeding, after the expiration of the time fixed by Section 11720.

In view of the fact that it seems to be admitted that the balance of appellant's deposit constitutes a trust fund in the hands of the commissioner and as the only questions in the case go to appellant's right to assert priority of payment for its claim *at the time it asserted such right,* it results that the judgment of the trial court should be reversed and the cause remanded with directions to that court to set aside its judgment and to enter judgment in the county's favor for the balance due on its claim and that said claim be decreed entitled to priority of payment out of the assets of the trust company in the hands of the commissioner of finance. It is so ordered. All concur.