AURORA SCHOOL DISTRICT, RESPONDENT, V. THE BANK OF AURORA ET AL., APPELLANTS.—52 S. W. (2d) 484.

Springfield Court of Appeals. August 22, 1932.

*Farrington & Curtis* and *Paul W. Barrett* for appellants.

*McNatt & McPherson* for respondent.

BAILEY, J.—This is a suit to establish a preference in favor of the Aurora School District against the defunct Bank of Aurora in charge of the Commissioner of Finance for the State of Missouri. There was a stipulation entered into between the respondent (hereinafter referred to as plaintiff) and the appellant (hereinafter referred to as defendant), which stipulation contains most of the facts essential to a fair understanding of the case and therefore is set forth in full. The stipulation reads as follows: "It is stipulated and agreed by and between the plaintiff, the Bank of Aurora and the Commissioner of Finance in charge of liquidation of the Bank of Aurora, that the Aurora School District is and was at all times a municipal corporation, subdivision of the State of Missouri, known as the City School District, organized and existing as such under Article 4, Chapter 57, Revised Statutes of Missouri, for 1929, and governed by the laws relating thereto, and situated within Lawrence county, Missouri; that the Bank of Aurora is and was at all times

a banking incorporation of deposit and discount organized under and by virtue of the laws of the State of Missouri, and carrying on a business at Aurora, in Lawrence county, Missouri; that on or about the 13th day of June, 1930, all of the property, assets and affairs of said Bank of Aurora were placed in the hands of the Commissioner of Finance of the State of Missouri for the purpose of liquidation; that prior to said time said bank was used as the depository of all money and funds of said school district which were deposited in the name and to the credit of Aurora School District; that at the time said bank's assets were taken over by said State Finance Commissioner said school district had on demand deposit in said bank the sum of $2,610.38 to the credit of Aurora School District; that at the time said bank cosed, it had sufficient money cash on hand and due from banks to pay said deposit in full; that thereafter and within the time prescribed by law and fixed by the Commissioner in charge of liquidation, said school district filed its claim in proper form with said commission, demanding said sum as a preference out of the assets of said bank, and that thereafter, and within the time prescribed by law, commenced this action; that said school district was not at the time said bank closed, nor is it now, indebted to said bank in any sum, and that said bank has no off-sets or other claims against said deposit; that at no time did the board of education of said school district cause the clerk of said board to give notice by publication that bids would be received from banking corporations, associations and individual bankers in any newspaper published in Lawrence county, Missouri, that the bids would be received for the designation of such depository, and that no such notice for publication was in fact given but that the chairman of the finance committee of said board did request the Bank of Aurora orally to submit a bid for the funds, and a bid by said bank was orally made; that bond, identified as Claimant's Exhibit No. 1, was executed by the Bank of Aurora, E. R. Adams, M. T. Easley, and Mollie C. Adams, and delivered to the chairman of the Finance Committee of said school board, and that thereafter and after said bank had closed, suit was filed by said school district on said bond to the September term of the Lawrence county circuit court, 1930, and judgment taken for the amount of said bond at said term on said suit, being for the same amount of the deposit claimed as a preference.''

In addition to the foregoing facts the minutes of the school district board of date August 5, 1929, show that the Bank of Aurora ''be made depository for two years ending May 30, 1931—Bond to be approved.'' This was explained by the secretary of the board to be a mere memorandum and that at that time there was no bond but that the bank was to be made depository upon approval of a bond to be submitted. The minutes do not show any bond was afterwards approved. It is admitted that there were no sealed bids for the

depository and that the funds were not divided into not less than two nor more than ten equal parts as required by law. Under the foregoing facts the trial court rendered judgment allowing plaintiff school district a preference against the assets of the defendant bank and defendant appeals.

Defendant assigns as error the action of the trial court in allowing a preference on the grounds, First, that the law was substantially complied with when the Bank of Aurora gave the Aurora School District a depository bond which was accepted and acted upon by both parties and, (second) because the Aurora School District, having acted in affirmance of the depository contract by suing upon the bond and recovering judgment against the sureties thereon, cannot now assume the inconsistent position of declaring the bond illegal and void. Plaintiff contends the action of the trial court in allowing a preference was proper because a trust relationship, *ex maleficio*, was established between plaintiff and defendant by reason of the fact that the statutes of this State governing the selection of depositories of district school funds was not complied with in any particular.

The particular question therefore is, whether or not the plaintiff district in using defendant bank as a depository, failed to comply with the law to such a degree as to create a trust *ex maleficio* as to the deposits made and accepted by defendant with full knowledge of the source and ownership of said funds. The selection of depositories by school district is governed by the law applicable to the selection of county depositories as provided by Article IX, Chap. 85, Revised Statutes 1929. [See Sec. 9362, R. S. 1929.] Under this Article and its several sections, the county court is required to select a depository every two years and shall receive proposals from banks. For that purpose it is required to (1) divide the funds into not less than two nor more than ten equal parts; (2) to publish notice that bids will be received, which notice shall be twenty days; (3) the bids shall be sealed and publically opened and (4) the successful bidder or bidders shall, within ten days after the selection is made, execute a bond payable to the county, to be approved by the county court, with not less than *five* solvent sureties, or give a qualified surety or trust company bond as authorized by law. The terms of such bond are set out in the statute but there is no question raised as to the wording of the bond in this case. The agreed statement of facts shows that the plaintiff school district did not divide the fund; that no notice of any kind was published in regard to receiving bids; that the only bid received was an oral bid from defendant bank; that said bank was designated as a depository, provided a proper bond were given; that a personal bond was given, having thereon three sureties although five are required by law; that the bond was

never approved by the board but accepted only by the chairman of the finance committee of the board.

In our opinion plaintiff's statement that the law regulating the selection of depositories was flagrantly violated in every particular is sustained by the record in this case. The bond itself, which was never approved, is not a statutory bond. The question in its final analysis is whether or not a school district board may proceed to select a depository in a haphazard manner in total disregard of the statute and deposit the district funds therein without requiring the full bond provided by law and after having done so, the depository so selected shall be entitled to stand upon the proposition, as argued by defendant, that it was at least a *de facto* depository and therefore had the right to accept the deposits of the district. Defendant relies upon the case of In re North Missouri Trust Company, 39 S. W. (2d) 415. In that case, a school district board failed to advertise for bids, but the funds were ordered deposited in the Trust Company by order of the school board at a regular meeting; interest rates were agreed upon and a security bond given, which the St. Louis Court of Appeals held to be substantially in compliance with the statute. Thereafter, the trust company failed and the surety company, accepting liability on the bond, paid the school district the amount of its deposit and took an assignment of its claim for preference. In prosecuting its claim for preference the surety company took the position that the school district having failed to advertise for bids as required by law the selection of the depository was illegal and therefor a trust relationship was created. The Court of Appeals denied the preference on the ground of estoppel. In commenting on this case the Supreme Court of this State in the recent case of White v. Greenlee, 49 S. W. (2d) 132, 1. c. 135, said: "The Court of Appeals quite properly noted the incongruity of the action of the surety company in recognizing the force and validity of its depository bond by paying under it and taking an assignment of the claim of the school district and thereafter asserting a preference by denying the legality of the proceedings culminating in the execution of the bond. The principles of estoppel applied in the above case have no place here."

Had the sureties in the case at bar recognized their liability and paid the plaintiff school district the amount of its claim and taken an assignment, the doctrine of estoppel applied in the North Missouri Trust Company case would no doubt be available to defendant as against said sureties, had they made claim for a preference. But no estoppel is involved in the case at bar, as we see it. Nor is there any incongruity in the school district attempting to collect on the bond and make a claim for preference against the assets of the defendant bank. The suit on the bond was not an adjudication of the right of the school district to have the claim against the bank pre-

ferred. [Macon County v. Farmer's Trust Co., 29 S. W. (2d) 1096, 325 Mo. 784.]

The North Missouri Trust Company case (supra) is further not in point because in that case the bank had provided a bond such as was permitted under the laws of this State, that is a surety bond. The bond in the present case was one not authorized by law. It is therefore our opinion, that since none of the requirements of the statute relative to the designation and qualification of a surety for the school funds were followed, the trial court was correct in allowing a preference under the doctrine that the acceptance of deposits under such conditions creates a trust entitling plaintiff to a preference. [White v. Greenlee, supra; Huntsville Trust Co. v. Noel, 12 S. W. (2d) 751; Consolidated School District No. 4 v. Citizens Savings Bank, 21 S. W. (2d) 781; Special Road District v. Cantley, 8 S. W. (2d) 944.]

It is therefore our opinion the judgment of the circuit court should be affirmed. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.