STATE EX REL. W. O. GATEWOOD, Relator, v. FRANCIS H. TRIMBLE, EWING C. BLAND and HENRY L. ARNOLD, Judges of the Kansas City Court of Appeals.—62 S. W. (2d) 756.

Court en Banc, July 11, 1933.

208

*Thomas H. Kingsley* for relator.

*Gardner & Carroll* for respondents.

ATWOOD, J.—This case has recently come to the writer on second reassignment. Relator would have us quash opinion of the Kansas City Court of Appeals in the case entitled In the Matter of the Liquidation of the Citizens Security Bank of Englewood, respondent, v. W. O. Gatewood, Assignee of the Night and Day Bank of St. Louis, appellant (reported in 36 S. W. (2d) 426), because of alleged conflict with certain prior decisions of this court which relator asserts are controlling.

It appears from the opinion in question that while the assets and business of both the Englewood Bank and the Night and Day Bank were in the hands of the State Commissioner of Finance, the Special Deputy Commissioner of Finance then in charge of the affairs of the Night and Day Bank, within the time provided by law, filed claim in writing on behalf of the latter bank for the amount of $7,248.75 with the commissioner in charge of the Englewood Bank, which claim was disapproved and rejected. Thereafter this claim with others was sold and assigned to W. O. Gatewood with approval of the Circuit Court of the City of St. Louis, wherein liquidation of the affairs of the Night and Day Bank was pending. Said assignee thereupon filed a separate action at law (No. 63372) against the Englewood Bank on this claim in the Circuit Court of Jackson County at Independence, which had supervision of the liquidation of said bank, and had judgment for the full amount of the claim as a general claim against the assets of said bank in the hands of said Commissioner of Finance and same was ordered paid out of such assets, although said assignee did not in that cause ask that priority of the claim be determined. No appeal was taken from this judgment. Thereafter, and before any order of distribution of the assets of said bank had been made by said court, the assignee filed petition in said court (case No. 61867) asking that the above mentioned judgment be decreed a preferred claim against the funds of said bank in the hands of the Commissioner of Finance. No answer or demurrer was filed to this petition. A motion to strike was filed by the Finance Commissioner on the ground that the matters pleaded in the petition were res judicata. While the record does not show that this motion was ever heard or directly ruled on by the court it was necessarily ruled by the judgment rendered against the assignee

when the cause was heard. The assignee thereupon appealed from this judgment to the Kansas City Court of Appeals and the judgment was affirmed in the opinion here in question.

The appeal was disposed of on the single point that appellant was estopped by the judgment first obtained allowing his claim as a general claim and that the doctrine of *res judicata* applied. Other points raised were not decided because their decision was not deemed necessary to a determination of the appeal. In thus disposing of the case respondents said: "Without proceeding to determine the points so raised by appellant, there is one point raised by respondent which we think decisive of this appeal, and which we shall proceed to consider. Respondent insists appellant is estopped by the judgment in cause No. 63372, and the doctrine of *res adjudicata* applies; that the question of preference was ascertained and determined, and forever concluded, and that it includes all questions which might have been urged or interposed in said cause. We hold respondent's position to be good in the respect urged. . . . It is appellant's position that inasmuch as the petition in cause No. 63372 did not ask the claim be adjudged a preference, the court was without authority to decree the claim to be a common one, and therefore the decree is not binding. It is further appellant's position that the proceeding in the instant case was along lines provided by statute, in that claimant first must establish his claim in a judgment, and thereafter in a separate action the question of preference must be determined, as sought herein in cause No. 61,867. However, on this point it is respondent's position, and we think the correct one, that the question of priority was fully determined in cause No. 63372, and that such determination is against appellant's contention. We hold it not to be the law that a claim must first be reduced to a judgment and then the court having jurisdiction shall, at some future date, pass upon the question of preference, thus going over the entire question again, reviewing the facts and then modifying a judgment rendered at a previous date. It is elementary that courts are not required to do a useless thing. . . . Except in special cases the plea of *res adjudicata* applies both to points upon which the court is asked and required to pronounce judgment and to every point probably belonging to the subject matter of the issue, and which the parties in the exercise of reasonable diligence might have brought forward. [Tuttle v. Harrill, 85 N. C. 456.] And so, in the case at bar, even though, as appellant contends, the issue of preference was not raised by the pleadings in cause No. 63372, under the law it could and should have been so raised, that all issues might be determined in that cause." Relator's criticisms are confined to certain parts of the matter here quoted.

Mindful of the provision of our Rule 34 requiring that an applicant for such writ of certiorari shall show in his petition "where-

in and in what manner the alleged conflicting ruling arose, and shall designate the precise place in our official reports where the controlling decision will be found," relator herein alleged "that said Kansas City Court of Appeals in its judgment and opinion aforesaid has failed and refused to follow the latest and controlling decisions of the Supreme Court of Missouri, to-wit:

"*County of Macon v. Farmers' Trust Co.*, 325 Mo. 784, 29 S. W. (2d) 1096, decided July 3, 1930, wherein this court has held that a claim for preference need not be made in the claim filed before the Commissioner and may be made at any time before order of distribution is made by the liquidating court, and need not be made at any other time.

"And has refused to follow and contravened Hecker v. Bleish, 319 Mo. 149, 3 S. W. (2d) 1008, wherein this court has held that that part of a judgment which goes beyond the issues raised by the pleadings and the prayer is *coram non judice* and void."

██ ██ Directing our attention to the last alleged conflict, we recall that respondents affirmed the judgment rendered against claimant in the second action on the sole ground that the judgment in the first action was *res judicata* of the question of preference pleaded in the second action, apparently applying to the pleadings and proof before them one of the well recognized rules by which this condition must be tried, to-wit, that "where the second suit is upon the same cause of action and between the same parties as the first, the judgment in the former is conclusive in the latter as to every question and issue which was or might have been presented and determined in the first suit." [National Bank of Commerce v. Maryland Casualty Co., 307 Mo. 417, 435, 270 S. W. 691.] The bare statement of this rule of "estoppel by judgment" demonstrates that it is not inconsistent with the above mentioned principle announced in the Hecker decision (3 S. W. (2d) l. c. 1019) that "a judgment which is based upon issues not made by the pleadings is *coram non judice* and void, at least insofar as the judgment goes beyond the issues presented and raised by the pleadings." The rule simply provides that in case the matter decided was not presented by the pleadings for the purpose of estoppel by judgment it will be deemed to have been so presented.

██ The taproot of relator's grievance seems to be that respondents misapplied the doctrine of *res judicata* to the pleadings and proof before them, whereas, if properly applied the principle announced and applied in the Hecker decision would have ruled this case. We do not think such matter can be reached by this form of certiorari. Whether right or wrong in their decision respondents had jurisdiction to determine the application of the doctrine of *res judicata* to the pleadings and proof before them, unless in so doing they engendered conflict with one or more of our controlling decisions hold-

ing on the same or similar pleadings and proof that such doctrine is not applicable. [State ex rel. Raleigh Inv. Co. v. Allen, 294 Mo. 214, 242 S. W. 77; State ex rel. Railroad Co. v. Allen, 291 Mo. 206, 215, 236 S. W. 868; State ex rel. Calhoun v. Reynolds, 289 Mo. 506, 514, 233 S. W. 483; State ex rel. Trust Co. v. Reynolds, 278 Mo. 695, 709, 213 S. W. 804; State ex rel. Peters v. Reynolds (Mo.), 214 S. W. 121. 122.] Counsel have cited no such controlling decisions and none have come to our attention, unless our decision in the Macon County case be such which matter we shall presently consider. While we have properly held in State ex rel. Vulgamott v. Trimble, 300 Mo. 92, 101, 253 S. W. 1014, and other cases, that in order to procure harmony of decision and thus effectuate the chief purpose of this kind of certiorari we will, on acquiring jurisdiction by reason of alleged conflicts, "consider all suggested conflicts, or conflicts not suggested, but within the personal knowledge of the court," we have also held, for reasons obvious in the practical administration of this remedy, that "it is for relator to point out the conflicts, and not for this court to search for them." [State ex rel. Quercus Lumber Co. v. Robertson (Mo.), 197 S. W. 79, 82.] To like effect we have said in State ex rel. Kansas City Theological Seminary v. Ellison (Mo.), 216 S. W. 967, 970: "Certainly in cases of this kind our constitutional duty to preserve harmony of decision cannot be held to require us to make critical examination of all the previous opinions of this court to ascertain, if perchance, any of them contain an utterance that is impinged by the alleged conflicting decision. The relator assumes the burden in this respect."

We now turn to the alleged conflict with our decision in County of Macon v. Farmers' Trust Co., 29 S. W. (2d) 1096, 325. Mo. 784. Referring again to relator's petition herein we find this specification of conflict to be respondents' failure to follow the Macon County case "wherein this court has held that a claim for preference need not be made in the claim filed before the Commissioner and may be made at any time before order of distribution is made by the liquidating court, and need not be made at any other time." In considering the alleged rulings thus brought in juxtaposition it must be borne in mind that in certiorari to bring about harmony of decision we are not concerned with mere possible conflicts. There must be actual conflict between statements of general principles of law clearly intended as such, or between rulings pertinent, necessary to and within the scope of the matters presented for decision. If such be not conceded then we must forever busy ourselves, all to no reasonable purpose, with superficial contradictions that present no real conflict when the opinions are carefully and understandingly read.

Let us further consider what was actually held in these two decisions. In the Macon County case the claim was filed and allowed

by the Finance Commissioner and though priority was not then sought for the claim the Finance Commissioner allowed it as a general claim when under the plain terms of Section 5336, Revised Statutes 1929, and our ruling in that case he was without authority to determine priorities. The claim in that case having been filed with and allowed by the Commissioner the claimant had no occasion, as in the instant case, to institute a direct proceeding in the circuit court to secure its allowance, and we properly held that the provision in Section 5337, Revised Statutes 1929, for procuring the allowance of a claim in the circuit court, with the attendant limitation of six months, applied only to claims that had been disallowed by the Commissioner and had no application whatever to claims that had been filed with and allowed by the Commissioner. An entirely different state of facts was presented in the instant case. The claim had been disallowed by the Commissioner and claimant filed a direct proceeding in the circuit court for its allowance, as he had a right to do under Section 5337. Having availed himself of this statute he was bound by the period of limitation therein stated. Respondents' holding is that having thus appeared in the circuit court in which the liquidation was pending, which court had jurisdiction to determine priorities, the question of priority as well as of allowance could and should have been then and there presented and that the court's determination of priority though not asked for in that proceeding was *res judicata*. Decisions must be read and understood in the light of the facts and questions there presented. The record in the Macon County case presented no such question and we are advised of no decision in which we have ruled such question. It must be remembered that in certiorari directed to the courts of appeals to bring about harmony of judicial decisions in this State we are without jurisdiction to quash an opinion unless the decision is in conflict with our latest controlling decision on the same or a similar state of facts. [State ex rel. Koenen v. Daues (Mo.), 288 S. W. 14, 15, 16.]

■ Also, let us contrast the two decisions in their treatment of the doctrine of *res judicata*. One of the suits in the Macon County case was against the sureties on the bond of the trust company then being liquidated. The record failed to show whether or not this suit went to judgment, and neither the trust company nor its liquidating agent was a party thereto. The other proceeding was to secure authority to sell collateral. Both the trust company and its liquidating agent were parties thereto but the proceeding was determined before the time was up for the filing of claims against the trust company and before the circuit court was authorized to determine priorities. Furthermore, neither proceeding presented any claim for allowance by the court against the trust company in liquidation. The instant case again presents an entirely different state of facts. The proceeding was direct in the circuit court where the liquidation

was pending, against the bank being liquidated, after the time had expired for allowance of claims by the Commissioner, while the circuit court was authorized to determine priorities, in behalf of a claimant whose claim the Commissioner had disallowed, and for the express purpose of obtaining an allowance of that claim. The facts upon which respondents' ruling is based are so different from those involved in the Macon County ruling as to obviate any conflict between the decisions on this point.

■ It is contended that parts of the excerpt from respondents opinion quoted earlier herein are in conflict with the following expressions found in the Macon County opinion (325 Mo. 1. c. 791, 29 S. W. (2d) 1096): "It cannot be said that those sections (5333 and 5337, R. S. 1929) clearly cover and put a time limit upon the making of claims of priority. . . . Applying to this statute (5339, R. S. 1929) the rule that the cases to which a shortened period of limitation applies will not be extended by construction, it would seem that the right of a claimant to assert priority for his claim, already duly filed, should not be barred by limitation, if made before the circuit court has made an order under Section 11722 (5339, R. S. 1929), authorizing the declaration and payment of dividends on claims and determining what claims are entitled to priority of payment." The part of respondents' opinion particularly urged as conflicting with the above is as follows: "We hold it not to be the law that a claim must first be reduced to a judgment and then the court having jurisdiction shall, at some future date, pass upon the question of preference, thus going over the entire question again, reviewing the facts and then modifying a judgment rendered at a previous date." While in so ruling the writers of these opinions did not always specifically limit their expressions to the case in hand, we think that in every such instance the context shows that the doctrine stated was intended to be and should be taken as limited to the particular facts presented and thereby ruled in the case.

No conflict appearing between respondents' decision and the latest controlling decisions of this court our writ of certiorari is quashed. All concur, *Ellison, J.*, in separate concurring opinion.

ELLISON, J. (concurring)—I concur in the principal opinion, which holds that on the assignments of error made by the relator and the particular facts of the case the opinion of the Kansas City Court of Appeals should not be quashed. However, a few words more are necessary to give the reasons for my concurrence.

The relator contends first that the opinion of the Court of Appeals is in conflict with Macon County v. Farmers' Trust Co., 325 Mo. 784, 29 S. W. (2d) 1096, in that the latter case ruled claims for a preference against a failed bank may be made at any time before payment of a dividend is ordered. The case does not so hold. It

dealt only with questions of *limitation*. It was there decided that the county's suit to establish priority of its claim was not barred by Section 5333, Revised Statutes 1929 (Sec. 11716, R. S. 1919), Section 5337 (Sec. 11720, R. S. 1919). or any of the other statutes in the Banking Act except Section 5339 (Sec. 11722, R. S. 1919); and that under the last-named section "it would seem that the right of a claimant to assert priority for his claim, already duly filed, should not be barred by limitation" if made before the circuit court had made an order authorizing the payment of dividends. But to say a claim will not be *barred by limitation* if it be filed within a certain period is not by any means equivalent to saying it always may be filed within that period in any event and at all hazards.

Ordinarily statutes of limitation do not confer any right of action but merely restrict the period within which a right may be asserted. [37 C. J., sec. 2, p. 684.] They affect the remedy not the right. They are defensive only, and cannot be made the basis for affirmative relief. [Stock v. Schloman, 322 Mo. 1209, 1217, 18 S. W. (2d) 428, 432.] Sometimes, when the very statute giving the right of action also fixes the time for its enforcement, the limitation will be considered a part of the right, itself, 37 C. J., sec. 51, p. 732; State of Kansas ex rel. v. U. S. F. & G. Co., 328 Mo. 295, 301, 40 S. W. (2d) 1050, 1053. Sometimes, again, a statute may confer a right of action in such terms as that a party will not be barred by the doctrine of *res judicata* from asserting it even though he has previously prosecuted a suit against the same party in which the claim might have been set up. In other words the statute will be construed as preventing a merger of the two causes of action. [34 C. J., sec. 1163, p. 753.] The Macon County case did not go into any of these questions; so far as it touches them it apparently views the statutes mentioned as pure Statutes of Limitation—though that point is, as we had said, not decided.

On the other hand, the opinion of the Kansas City Court of Appeals in this case does not decide, or purport to decide, any question of limitation. It deals exclusively with that branch of the doctrine of *res judicata* called estoppel by judgment. It makes no effort to construe the banking statutes, except where it says "we hold it not to be the law that a claim *must* first be reduced to a judgment and then the court having jurisdiction *shall*, at some future date, pass upon the question of preference. . . ." (Italics ours.) In other words, so far as the statutes are concerned, the Court of Appeals opinion declared nothing save that the law does not *require* a claim to be reduced to judgment in one case and questions of priority to be determined afterward in a separate proceeding. In effect it amounted to saying the provisions of the statutes do not prevent the application of the doctrine of *res judicata* or forbid a

merger under that doctrine of a suit for the allowance of a claim and a suit to establish priority of the claim. This court has never passed on that question so far as we are advised.

■ ˙The doctrine of estoppel by judgment operates as a bar by *estoppel*. It is a rule separate and apart from Section 5339, if the latter is a Statute of Limitation and not an enabling statute. It does not annex a condition to the statute, itself, and if the doctrine had not been invoked by the defendant in this case it would seem the relator's claim could have been freely prosecuted within the statutory period of limitation, for all that the Kansas City Court of Appeals says in its opinion. This illustration will serve to show the doctrine of estoppel by judgment and a Statute of Limitation are wholly different things. Suppose a man should bring suit on a cause of action and be defeated, and then bring a second suit on the same cause of action introducing new issues which he might have raised in the first suit: would it be said he could thus split his cause of action and successfully resist the application of the doctrine merely because under some Statute of Limitation he still had time to sue on the claims thus brought in? We refer to all these matters without deciding them merely to show the Macon County case is not in point on the questions decided by the Court of Appeals.

The relator's second contention that the opinion of the Court of Appeals contravenes our ruling in Hecker v. Bleish, 319 Mo. 149, 3 S. W. (2d) 1008, is founded on a further misapprehension of the effect of the doctrine of estoppel by judgment. The Hecker case holds a judgment which ranges beyond the issues made by the pleadings is to that extent *coram non judice* and void. In applying that principle to the instant case the relator contends that since the Court of Appeals opinion holds the judgment of the Jackson County Circuit Court allowing his claim as a general claim was conclusive against his second suit to establish priority of the claim, therefore by necessary inference the judgment operated as an *adjudication* of the nonpriority of his claim when no such issue was raised in that case. If this is so, says the relator, the judgment went beyond the issues and under the Hecker case was void.

■ But such is not the law. The doctrine of estoppel by judgment does not make the judgment in a former action operate as an actual adjudication of issues that might have been raised but were not. It merely estops the party from bringing a second suit on the same cause of action. [State ex rel. Gott v. Fidelity & Deposit Co., 317 Mo. 1078, 1092, 298 S. W. 83, 90; 34 C. J., sec. 1154, p. 742.] If relator's theory were correct the doctrine never could be invoked ˙against new issues introduced in a second suit on the same cause of action, because insofar as the judgment in the first suit "adjudicated" them it would be void under the rule announced in the Hecker decision; since they ˙had not ˙been raised in that suit; and a

void judgment cannot be made the basis of an estoppel by judgment. [34 C. J., sec. 1183, p. 768.]

In view of the importance of the questions involved—procedural law governing the liquidation of failed banking institutions—I think we should make it entirely clear (as the principal opinion probably has already done) that we are not underwriting the opinion of the Kansas City Court of Appeals, or holding one way or the other on the correctness of its conclusions. We are ruling the case only on the assignments of conflict made by the relator.